Rick A. GREGORY, Appellant,

v.

STATE of Indiana, Appellee.

No. 678S122.

Supreme Court of Indiana.

March 8, 1979.

Kenneth R. Cady, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was charged in criminal court with commission of a felony while armed, to-wit: robbery, in violation of Ind.Code § 35–12–1–1, and physical injury while in commission of robbery in violation of Ind. Code § 35–13–4–6. A trial to the court resulted in a conviction on the armed felony charge and a not guilty determination on the inflicting injury charge, and a determinate sentence of fifteen years was assessed.

This appeal presents the issue of whether the criminal court had jurisdiction to hear appellant's case. Appellant's jurisdictional challenge is based upon his contention that he was a juvenile at the time of the offense and that the record does not reflect a proper waiver from the jurisdiction of the juvenile court. However, two preliminary issues are presented as well, namely, whether this appeal should be dismissed upon motion of appellant, and whether this Court has jurisdiction to hear this appeal in light of the fact that appellant's jurisdictional challenge was first raised in an additional motion to correct errors after a first had been filed and overruled.

With regard to the first preliminary issue, we note that appellant's motion to dismiss appeal was filed on his behalf by counsel on November 16, 1978, in response to a verified written request therefor by appellant. That request was based upon the assertion that he had not asked for an appeal and that by dismissing the appeal, his way would be made clear to file for post-conviction relief under Ind.R.C.P. 1. We have considered the motion and it is denied. The motion, when considered with the record before us, is ambiguous with regard to whether appellant appreciates the fact that a dismissal of this appeal may constitute a relinquishment of the right to appeal based upon those errors alleged in his motions to correct errors. *Langley v. State*, (1971) 256 Ind. 199, 267 N.E.2d 538. Appellant claims that he never requested an appeal in the first place, while the record of proceedings before us clearly memorializes his personal request to Judge Tranberg for this appeal. Due regard for appellant's right to appeal requires that we reject his plea for dismissal. Moreover the motion and supporting exhibits would indicate that appellant has demanded that his counsel file the motion to dismiss under the assumption that he is totally foreclosed from bringing a petition for post-conviction relief during the pendency of this appeal. Such is not the case. *Logal v. Cruse*, (1977) Ind., 368 N.E.2d 235; *Davis v. State*, (1977) Ind., 368 N.E.2d 1149. This state of confusion on the part of appellant further buttresses our decision to deny the motion.

■ The second preliminary issue has been raised by the State and is that appellant's jurisdictional issue was waived when it was not included in his initial motion to correct errors. Appellant was sentenced on March 9, 1978. His trial counsel filed the first motion to correct errors on April 21, 1978, which was overruled on April 24, 1978. On April 25, 1978, Judge Tranberg appointed counsel for the purpose of taking an appeal. New counsel, present counsel, filed a motion for leave to amend the motion to correct errors on May 5, 1978, alleging that the time for filing motions to correct errors had not yet expired and that an additional error had not been raised in the initial motion to correct errors. This motion was granted on May 5, 1978, and the addition to the motion to correct errors raising the present jurisdictional issue was immediately filed and overruled on the same day. The trial court was confronted with a criminal defendant seeking a first direct appeal in an active and timely manner and a motion to correct errors which was incomplete and if permitted to stand would render the impending appeal perfunctory at best. Pauper appellate counsel within days after his appointment pointed out the incompleteness of the motion to correct errors to the trial court. Nothing before the trial court suggested to any extent that the defendant had participated in or expected to benefit from the filing of the initial motion to correct errors in its limited form, and there could be no harm to the State from permitting the amended motion to correct errors to be filed. We find that the authority of the trial court to grant permission to file an amended motion to correct errors under circumstances such as these in a criminal case arises by implication from Ind.R.Tr. P. 59. We, therefore, conclude that the jurisdictional issue is properly before us for determination and we now turn to it.

The waiver order challenged by appellant consists of several pages and contains a descriptive reference to each stage of the juvenile proceedings which culminated in the waiver order. The waiver order itself is dated November 9, 1977. The order includes the following references, notations and findings:

"BE IT REMEMBERED That heretofore on the 15th day of September, 1977, Informations were given to the Court by Jack H. Lyday. . . .

A preliminary hearing was held on the 20th day of September, 1977. . . . The State made an oral motion that jurisdiction be waived to adult court, and filed a written Motion for Waiver of Jurisdiction, on October 4, 1977. (Copy attached and marked Exhibit No. 2). . . . The Court then found that formal jurisdiction should be acquired and authorized Probation Officer . . . to file formal Petitions alleging the delinquent offenses. . . .

A waiver hearing was held on the 7th day of November, 1977. . . . The Court made a full investigation and held a complete hearing in said cause and, upon the conclusion of all of the evidence, makes the following findings:

1. That said child was 16 years of age or older on the date of the alleged offenses, September 14, 1977, to-wit: 17 years of age, his date of birth being March 14, 1960.

2. That the evidence would constitute an offense defined as a crime if committed by an adult, to-wit: Commission Of A Felony While Armed, To-Wit: Robbery, and Inflicting Physical Injury in Commission Of A Felony, To-Wit: Robbery.

3. That the offense is one designated as a violent crime and specifically described in I.C. 31–5–7–14(b).

4. That the Prosecutor has filed his formal Motion For Waiver Of Jurisdiction.

5. That there is probable cause to believe that the offenses have specific prosecutive merit.

6. That it would be in the best interest of the child, the public welfare and public security for the juvenile to be waived to the adult court for the alleged offenses.

The Court now orders jurisdiction of this matter waived for trial under the

regular procedure of the court which would have jurisdiction of the offenses if committed by an adult, on the charges of Count No. 1—Commission Of A Felony While Armed, To-Wit: Robbery, and Count No. 2—Inflicting Physical Injury In Commission Of A Felony, To-Wit: Robbery, alleged to have occurred on the 14th day of September, 1977. (Copies of Petitions attached and marked Exhibit No. 3—2 pages.)"

Appellant challenges the order waiving jurisdiction to the criminal court on two grounds: first, (A) he contends that the waiver order should be deemed improper because the record upon which it is based is incomplete; and second, (B) he contends that the waiver order should be deemed ineffective because the juvenile court judge did not state his reasons for granting the order with sufficient particularity to permit a meaningful judicial review of it.

### (A)

■ In challenging the adequacy of the record of juvenile court proceedings, appellant places reliance upon the requirements for such records set forth in *Seay v. State*, (1975) Ind.App., 337 N.E.2d 489, as follows:

"In passing on a challenge to juvenile jurisdiction this court considers the following to be essential documents: (1) the petition praying Seay be found delinquent, (2) the record of the pre-petition investigation, (3) the order of the Juvenile Court directing the probation officer to file a delinquency petition, (4) the delinquency petition, (5) the request or petition for waiver, (6) the record of the waiver hearing, (7) the findings of the Juvenile Court regarding waiver, and (8) the waiver order." 337 N.E.2d at 498.

As appellant has correctly pointed out the record of proceedings filed before us in this case does not include all of the documents enumerated in *Seay*. It does not for example include a transcript of the testimony and evidence presented at the waiver hearing. The absence of these items from the record of proceedings filed with this appeal does not however substantiate the claim

made that they are unavailable or do not exist. The record of the proceeding before us was assembled solely from the records of the adult criminal court. None of the juvenile proceedings were conducted there. The waiver order set forth above which was included in the records of the adult criminal court evidences under signature of a referee and the juvenile judge that the juvenile proceeding required by the juvenile statute took place and that records reflecting them are not unavailable or non-existent. If we were to make the assumption, unwarranted here, that a transcript of the waiver hearing is unavailable for purpose of providing a basis for obtaining review of the waiver order, the obligation would fall upon counsel to prepare a transcript from best available sources, including the recollections of those present. *Ruetz v. State*, (1978) Ind., 373 N.E.2d 152. Appellant's contention that the record of juvenile proceedings is insufficient to permit review provides no basis for a reversal of this conviction.

### (B)

■ Appellant next contends that the findings stated by the juvenile court upon which waiver was ordered are inadequate. Primary reliance is placed upon this Court's opinion in *Atkins v. State*, (1972) 259 Ind. 596, 290 N.E.2d 441, in which we reversed an order waiving juvenile jurisdiction because the findings which were stated in support of it were not clear enough to permit this Court to fulfill its review function. The rule applied there was first stated in *Summers v. State*, (1967) 248 Ind. 551, 230 N.E.2d 320. In setting the foundation for such application in *Atkins* we said:

"The ultimate issue for the juvenile court at a waiver hearing is whether the juvenile should be waived to criminal court jurisdiction. . . . In the absence of statutory criteria, we derive the standards to be used in making this choice from the structure and purpose of the juvenile justice system itself. . . This statutory context creates a presumption in favor of disposing of juvenile matters *within* the juvenile system and makes waiver to criminal court jurisdic-

tion a last resort . . . . Waiver to criminal court is then to be the exception and as such is to be explicitly justified in the waiver order." 259 Ind. at 597–598, 290 N.E.2d at 440–441.

The juvenile statute effective at the time of *Summers* and *Atkins* required no waiver hearing and contained no criteria governing the waiver decision, while at the same time requiring all juveniles for whom waiver might be sought to be accorded a maximum deference against waiver. Since those cases were decided the juvenile statute has been amended. A full waiver hearing is now mandated by statute and statutory criteria for waiver have been stated. Particularly in Ind.Code § 31–5–7–14(b) (since amended again) which the juvenile judge applied in making the decision to waive appellant Gregory, the statute has taken a new direction. It provides:

"(b) Whenever a child sixteen (16) years of age or older is charged with any of the following offenses which would amount to a crime if committed by an adult: second degree murder, voluntary manslaughter, kidnapping, rape, malicious mayhem, commission of a felony while armed, inflicting injury in the commission of a felony, robbery, first degree burglary, aggravated assault and battery, or assault and battery with intent to commit any of the felonies enumerated in this subsection, the juvenile court upon motion by the prosecuting attorney shall, after full investigation and hearing, waive jurisdiction and order such child held for trial under the regular procedure of the court which would have jurisdiction of the offense if committed by an adult, unless the court finds that either:

(1) there is probable cause to believe the offense does not have specific prosecutive merit; or

(2) it would be in the best interest of the child and of public welfare and public security for the juvenile to remain with the regular statutory juvenile system."

This provision reflects the judgment of the Legislature that the waiver decision in juvenile cases falling within the class defined and involving serious criminal behavior which injures or significantly endangers others by children sixteen years of age or older should be made without according a presumption in favor of disposition within the juvenile system. Even so a full investigation and waiver hearing are mandated. The offense charged is a criterion and refers to the charge in the formal petition for delinquency determination. If that charge falls within the enumerated class, waiver is to be the rule and retention in the juvenile system the exception. The criteria governing the vestigial discretion of the juvenile judge to deny waiver have now been stated. We are no longer confronted with an absence of statutory criteria as we were in *Summers* and *Atkins*. However, we would agree with appellant that the change wrought by these amendments to the process of making the waiver decision does vitiate the requirement of the case law that the findings be sufficiently clear to permit review. Upon consideration we find that the trial court's findings as stated above in its order meet this requirement when considered in light of the specific nature of the statutory criteria and the statutory requirement of a full formal hearing. Those findings reflect that the juvenile court considered the criminal charges which are set forth in full as exhibits to the order together with the evidence available to support those charges, and arrived at his own belief that they had specific prosecutive merit and that the personal interest of the child and the security interest of the public would best be served by transfer to the adult criminal court. Accordingly, we conclude that the findings are sufficiently clear and specific and provide adequate support for the waiver order made pursuant to Ind. Code § 31–5–7–14(b).

The judgment of conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.