Steven R. SCOTT, Appellant,

v.

STATE of Indiana, Appellee.

No. 180S5.

Supreme Court of Indiana.

Dec. 31, 1980.

Curtis B. Eskew, Corydon, for appellant.

Theodore L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was charged by an information with two counts of attempt to commit murder, Ind.Code § 35–41–5–1, Ind.Code § 35–42–1–1.

After a jury trial, he was convicted of one count of battery with a deadly weapon for which he was sentenced to five years' imprisonment, and one count of attempted murder for which he was sentenced to thirty years' imprisonment, the terms to run concurrently.

This is a direct appeal from the conviction for attempted murder. Appellant raises two related issues:

(1) Was there sufficient evidence on the element of culpability to prove an attempt?

(2) Did the trial court err in sustaining prosecutor's objection to defense counsel's final argument?

The facts of the case most favorable to the State reveal the following:

Appellant was employed at the Paoli Chair Company factory in Orange County. On October 25, 1977, while working on a bore machine, he was observed to have been operating the machine dangerously. A supervisor ordered him off the bore machine and assigned him to the cleaning detail.

Appellant became angry, left the factory, and went to his parents' house to get a shotgun and a pistol. He returned to the factory intending to shot two people and first approached Linial Stancombe, aimed the shotgun at his head and fired, hitting his victim in the cheek. Appellant next approached Morris Strange from behind and shot him in the back with the pistol.

Because the issues are interrelated we will discuss them together.

Appellant argues that his defense in the trial was based on the theory that in order to prove an attempt to commit murder, the State had the burden to prove not merely that he shot Morris Strange in the back with a .22 caliber pistol but also that this act was done with "knowledge or intent that he was attempting to kill another person." Appellant claims that when his trial counsel attempted to explain this theory to the jury in sur–rebuttal final argument, the prosecution's objection that defense counsel was misstating the law was improperly sustained.

■ Appellant is indeed correct that a specific intent is required to prove an attempt. *Zickefoose v. State*, (1979) Ind., 388 N.E.2d 507. This is not, however, the theory that he argued to the jury.

His sur–rebuttal argument was as follows:

"The Prosecutor asked you the question: If the Defendants would have died, would you of convicted the Defendant of murder. Assuming your answer is yes, it should be yes. But that does not absolutely follow the fact that he lived makes it attempted murder. Now why is this? The law says if you knowingly or intentionally kill a person it is murder. Okay. It's as simple as that. If these people would have died, it would have been murder. The fact they didn't die brings in the question of what did he knowingly and intentionally do? Did he knowingly and intentionally try to kill somebody?"

Appellant also argues in his brief that "if a person knowingly shoots another in the back with a .22 pistol and the victim dies,

those facts could sustain a verdict of guilty" of murder, but "if the victim lives, an additional burden is placed on the State to prove Defendant attempted to knowingly or intentionally kill another."

This theory is wrong. The murder statute and the attempt statute provide:

"Murder.–A person who:

(1) Knowingly or intentionally kills another human being; or

(2) Kills another human being while committing or attempting to commit arson, burglary, child molesting, criminal deviate conduct, kidnapping, rape, or robbery; commits murder, a felony." Ind.Code § 35–42–1–1.

"Attempt.–(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a class A felony.

(b) It is no defense that, because of a misapprehension of the circumstances, it would have been impossible for the accused person to commit the crime attempted." Ind.Code § 35–41–5–1.

■ Appellant concedes that had the victim died, he would have been liable for murder. In order to be liable for murder, rather than for a less culpable form of homicide such as voluntary manslaughter or reckless homicide, one who kills another human being must do so knowingly or intentionally. The very elements of knowingness or intention which must be proved in order to establish murder satisfy the State's burden of proving the same elements in an attempt to murder. There is no "additional burden." Since appellant admittedly had the culpability required for the commission of murder, his shooting of Strange was a substantial step toward the commission of the crime, and the attempt was completed.

■ The trial court has discretion in controlling argument before the jury. Absent

abuse of this discretion, the ruling of the trial court will not be disturbed. *Kallas v. State*, (1949) 227 Ind. 103, 83 N.E.2d 769, *cert. den.*, 336 U.S. 940, 69 S.Ct. 744, 93 L.Ed. 1098; see also *Faust v. State*, (1977) 266 Ind. 640, 366 N.E.2d 175; *Pearish v. State*, (1976) 264 Ind. 339, 344 N.E.2d 296.

While it is proper for counsel to argue both the law and the facts in a criminal case, *Inman v. State*, (1979) Ind., 393 N.E.2d 767, we can hardly say that the trial court abused its discretion when, as here, it cut off an argument based on a misstatement of the law which could only have confused and misled the jury.

The trial judge gave the jury final instructions including the definitions of attempt, murder, voluntary manslaughter, and battery with a deadly weapon. The jury was therefore properly prepared to make its determination.

There was sufficient evidence from which the jury could have found that appellant attempted, knowingly or intentionally, to murder Strange.

The elements of intent or knowledge upon which defendant's liability depends, can be inferred from his conduct in returning to the factory with loaded shotgun and pistol and purposely shooting Strange. Several fellow—workers testified as eye—witnesses to the shootings, and appellant testified that he intended to shoot people. He also stated emphatically that he did not intent to kill anyone, but the jury was not bound to believe this. The jurors were entitled to infer deadly intent from appellant's conduct. "The necessary intent to commit murder may be inferred from the intentional use of a deadly weapon in a manner likely to cause death." *Zickefoose, supra* at 509. See also *Maxwell v. State*, (1970) 254 Ind. 490, 260 N.E.2d 787. The act of shooting Strange in the back supports the inference that there was specific intent to commit murder.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.