Kevin L. STROSNIDER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1-1180A321.

Court of Appeals of Indiana,
First District.

July 14, 1981.

Jerry J. Lux, Terry, Robison & DePrez, P.C., Shelbyville, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Kevin L. Strosnider, a minor tried as an adult, appeals his conviction for burglary, a Class C felony: criminal trespass, a Class A misdemeanor: and criminal mischief, a Class B misdemeanor. We affirm.

Strosnider argues that there was no probable cause to support the charge of attempted burglary of a dwelling, a Class B felony. This charge was dismissed at the close of the State's evidence, but was part of the basis for trying Strosnider as an adult. He also contends that the order waiving him from juvenile to superior court lacked specific findings to support the waiver. Strosnider challenges the sufficiency of the evidence to support his conviction for criminal mischief, arguing that the State failed to show the value of the property damaged. Finally, Strosnider asserts that the court erred in sentencing him for criminal mischief and criminal trespass because these

offenses are lesser included offenses of burglary.

The facts favorable to the State reveal that early in the morning of November 14, 1979, Strosnider was apprehended in a crawlspace beneath an attorney's office in Shelbyville, Indiana. His arrest resulted when the resident of an apartment located above the office summoned police because she heard noises downstairs. The resident also reported that someone tried to open her door, which was located within the attorney's office.

The police discovered that the door to the attorney's office had been forced open and that the files and desks in the office had been opened. Files were scattered around the office and a medallion belonging to the attorney was found in the crawlspace. A set of keys to the attorney's car were in the defendant's possession when he was searched at the police station. Both the medallion and the keys were in the attorney's desk when he closed his office the preceding day.

Criminal charges were filed against Strosnider on November 11, 1979, but the case was referred to juvenile court on December 7, 1979, after it was discovered he was a minor. On December 14, 1979, the defendant filed a petition to establish delinquency and the State filed a petition to waive him to criminal court for trial as an adult. After a hearing, the waiver petition was granted on January 9, 1980, and an information was filed against Strosnider on January 17, 1980 charging him with burglary, a Class C felony; criminal trespass, a Class A misdemeanor; criminal mischief, a Class B misdemeanor, and attempted burglary of a dwelling, a Class B felony. In response to the information, Strosnider filed a motion to dismiss on the basis that the waiver order was defective because it did not adequately explain the reasons for waivers. The State filed an amended waiver order which was granted and Strosnider's motion to dismiss was denied on February 27, 1981. The amended order reads in relevant part:

"THE COURT HAVING had it brought to its attention that its order of January 9, 1980, was incomplete in certain respects, hereby files this Amended Order.

THE VERIFIED PETITION to waive Kevin Strosnider to criminal court was heard on January 7, 1980. Said petition alleged that Kevin Strosnider, seventeen (17) years of age, is a child within the provisions of IC 31–6–1–2.

AT SAID HEARING substantial evidence was presented showing that the offenses charged included burglary, criminal trespass, criminal mischief and attempted burglary of a dwelling, were committed and would have amounted to a crime if committed by an adult. That there is probable cause to believe that the child committed the above mentioned offenses and that said child is beyond the rehabilitation under the regular statutory juvenile system, and that it is in the best interest of the public welfare and security that said child stand trial as an adult.

THE EVIDENCE PRESENTED was that Kevin Strosnider was found within the premises of the Stephen Moberly Law Office, at night. The said law office having been broken into that same night, and that Kevin Strosnider additionally tried to break into the dwelling of Susan Glass which entryway was contained within the law office of Stephen Moberly. There was also evidence concerning the felonious intent with which Kevin Strosnider entered said building.

AND IT FURTHER APPEARING to the court, after consideration of the report of Mary Bailey, Juvenile Probation Officer, the prior record of repetitive offenses of Kevin Strosnider, which included several offenses within the past few years his character, the type of his offenses being aggravated in nature, and other relevant factors that Kevin Strosnider is not a proper subject for proceedings under the Juvenile Code and that he would not be amenable to the care, treatment and training program available through the juvenile system.

IT IS HEREBY ORDERED that Kevin Strosnider be and hereby is, declared not to be a proper subject for proceedings under the Juvenile Code and that he is referred to the Prosecutor's Office for prosecution as an adult pursuant to IC 31–6–2–4. The subject is waived over to criminal jurisdiction and is to be referred for prosecution as to the charges of burglary, criminal mischief, criminal trespass and attempted burglary of a dwelling.

KEVIN STROSNIDER IS HEREBY ORDERED to be held in the Shelby County Jail pending the filing of a criminal case in Shelby Superior Court.

Strosnider had a bench trial and was found guilty of the charged crimes, except for the charge of attempted burglary of a dwelling which was dismissed at the close of the State's evidence. The court sentenced Strosnider to five years for the burglary, and one year for criminal trespass, and sixty days for criminal mischief, with the sentences to be served concurrently.

 Turning to Strosnider's assertion that there was no probable cause to support the charge of attempted burglary of a dwelling, we find no error. Probable cause exists when the facts and circumstances within an officer's knowledge, which are based upon reasonably trustworthy information, are sufficient to warrant a reasonable man's belief that a crime has been or is being committed. *Capps v. State*, (1967) 248 Ind. 472, 229 N.E.2d 794. This standard requires more than a mere suspicion, but does not require proof beyond a reasonable doubt. *See generally* West's AIC 31–1–6–1 and 31–1–4–1 (Commentaries). Strosnider implies in his argument that the trial court's dismissal of the attempted burglary of a dwelling charge indicates the lack of probable cause for the offense from the outset of the case. Applying the standard for probable cause, a dismissal of charges does not necessarily imply a lack of probable cause and the facts in this case support the trial court's finding of probable cause in the waiver order. Strosnider broke into, and entered, the attorney's office; in this office he intended to commit theft as evidenced by the removal of items from the attorney's desk. While inside the office, he attempted to open the door to an apartment located in the building. He stopped when he heard the apartment's resident approaching. These facts were sufficient to warrant the trial court's belief that Strosnider, acting culpably, committed a substantial step towards breaking and entering the apartment with felonious intent. *Ind.Code* 35–41–5–1 and *Ind.Code* 35–43–2–1.

Strosnider next argues that the waiver order was not specific enough to satisfy the requirements of *Ind.Code* 31–6–2–4, which specify the criteria for waiver of jurisdiction from juvenile court to criminal court. Subsection (h) of the statute requires specific findings of fact to support a waiver order. Strosnider argues that the order in this case simply paraphrased statutory requirements and therefore, did not comply with subsection (h). He also recognizes that this court has held that waiver orders which are facially defective may be sustained if there is an adequate record to support the order. *Mallard v. State*, (1979) Ind.App., 390 N.E.2d 218; *Bey v. State*, (1979) Ind.App., 385 N.E.2d 1153. However, he argues that these cases were decided under previous waiver statutes which did not contain the requirement for specific findings of fact and therefore, concludes that these cases are no longer applicable because the new statute requires a higher standard.

We are not persuaded by Strosnider's argument. The rationale for requiring detailed waiver orders was originally stated in *Kent v. U. S.*, (1966) 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, and emphasized that due process requirements necessitate that a juvenile have access to relevant records considered by a court, that he is entitled to a hearing, and entitled to a statement of the court's reasons for waiver. Thus, perfunctory waiver proceedings are avoided and an appellate court is given a record to permit meaningful review. *See also Summers v. State*, (1967) 248 Ind. 551, 230 N.E.2d 320; *Imel v. State*, (1976) 168 Ind.App. 384, 342 N.E.2d 897. These goals are achieved so

long as there is a proper record to support the findings in a waiver order. Additionally, in this case we do not think the waiver order is merely paraphrasing statutory requirements. The order noted Strosnider was seventeen years of age and specified the offenses to be waived, noting that there was probable cause to believe he had committed the offenses. The order set out the factual basis for the offenses and referred to supporting evidence in the record. The order also referred to Strosnider's previous record, presented at the waiver hearing, and the fact that he would not be a proper subject for juvenile disposition.

 From this order, we discern that Strosnider was subject to mandatory waiver to criminal court because one of the offenses, attempted burglary of a dwelling, is a Class B felony. *Ind.Code* 31-6-2-4(d). Our review of the record has revealed evidence to support the finding of probable cause for this offense. These facts alone would sustain waiver, however, a large portion of the defendant's argument is directed at the other offenses on the erroneous assumption that there was no probable cause to support the attempted burglary charge. Even if this were true, the other findings in the order, and the evidence in the record to support these findings, would sustain a discretionary waiver. There is evidence to support the finding of probable cause for the other offenses. The court's reference to Strosnider's previous record and his unfitness for juvenile disposition is supported by the record of his juvenile offenses, which were numerous and included, among others, three theft offenses. Contrary to Strosnider's assertion, it is not necessary for the court to recount all the possible alternative juvenile dispositions available to it before concluding none are appropriate. The court was aware of alternatives available to it and the clear inference from his record is that none would be beneficial. *Imel v. State, supra.* For these reasons we find no error in the waiver order.

 Strosnider also argues that the evidence was insufficient to support his conviction for criminal mischief because the State failed to prove the value of damage done to the attorney's property. *Ind.Code* 35-43-1-2 states in part that a person who knowingly or recklessly damages the property of another, without consent, commits criminal mischief. The offense is a Class B misdemeanor if the pecuniary loss is less than $250. Therefore, the State was not required to prove the specific amount of damage so long as it presented evidence to show that damage occurred. There was evidence that the defendant forced open the office door, which could not be properly closed thereafter, and evidence that the office was ransacked with files strewn about the office. It is reasonable to infer property damage from these facts.

Strosnider alleges the trial court erred in sentencing him for criminal mischief and criminal trespass because they are lesser included offenses of burglary. *Ind.Code* 35-41-1-2 defines an included offense as:

an offense that: (1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;

(2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

This definition was explained in *McGairk v. State*, (1980) Ind.App., 399 N.E.2d 408.

The legislature, by the definition, has established a two pronged test to determine what constitutes a lesser included offense. First, there must be a determination of the material elements involved. These can be either the same elements or less than those required for the offense charged. The second determination is whether the lesser offense consists of an attempt to commit the offense charged or whether the lesser offense differs from that charged only in respect to some less serious harm or risk of harm, or whether

a lesser kind of culpability is required for the commission of the lesser offense. 408 N.E.2d at 411.

Our supreme court addressed the issue of whether criminal trespass, under *Ind.Code* 35–43–2–2(a)(4), is a lesser included offense of burglary in *Estep v. State*, (1979) Ind., 394 N.E.2d 111, and held that it is not because criminal trespass does not encompass the same or less than all the elements of burglary. Justice Prentice wrote:

> Defendant's claim that a burglary cannot be committed without committing a criminal trespass under subsection (a)(4) of Ind.Code § 35–43–2–2 (Burns) is also erroneous. That subsection renders it a criminal trespass to knowingly or intentionally interfere with the possession or use of another's property without his consent, such interference being the equivalent of the entry proscribed in subsection (a)(1). It is not necessary for the break and the entry proscribed by the burglary statute to interfere with the possession or use of another's property. Obviously if an intent to commit a larceny requisite to a burglary came to fruition, the larceny would be such an interference. However, a burglary is committed when a break and entry is effected with intent to commit a felony. Whether or not the intended felony is accomplished is immaterial. (Citations omitted).

396 N.E.2d at 114.

Turning to the question of whether the criminal mischief charge is also a lesser included offense of burglary with intent to commit theft, we find that criminal mischief is not a lesser included offense. The elements of criminal mischief as charged are; recklessly damaging the property of another, without his consent, in amount less than $250.00. The damage element in the criminal mischief charge is not an element of the burglary charge and therefore, the criminal mischief charge is not proved by the same or less than all the material elements of the burglary charge. Therefore, criminal mischief is not an included offense of the burglary charge.

The judgment of the court below is in all respects affirmed.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.