James Anthony TROTTER, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 880S342.

Supreme Court of Indiana.

Dec. 30, 1981.

Jeffrey A. Lockwood, Lockwood & Swick, Alexandria, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant), following a trial by jury, was convicted of Murder, Ind.Code § 35–42–1–1 (Burns 1979), Robbery "A", Ind.Code § 35–42–5–1 (Burns 1979), and Theft "D", Ind.Code § 35–43–4–2 (Burns 1979). He was sentenced to imprisonment for terms of forty (40) years for the murder and thirty (30) years for the robbery. He was not sentenced for the theft. This direct appeal presents the following issues:

(1) Whether the trial court erred in admitting the defendant's confession into evidence.

(2) Whether the trial court erred in allowing the State to amend the Information for Robbery "B" so as to charge Robbery "A".

(3) Whether the juvenile court erred in waiving its jurisdiction.

(4) Whether the trial court erred in failing to grant a new trial on the basis of newly discovered evidence.

The facts most favorable to the State reveal that Defendant shot and killed Shawn Teeter, removed guns and money from the Teeter residence, and then fled in Shawn's pick-up truck.

\*   \*   \*   \*   \*   \*

### ISSUE I

Defendant contends that the trial court erred in allowing one Officer Bistricky of the Cleveland, Ohio Police Department to relate statements which the defendant had made shortly after his arrest.

Defendant, a seventeen-year-old juvenile, was arrested on October 17, 1979 at his mother's home in Cleveland for the October 14, 1979 Murder and Robbery of Shawn Teeter in Tipton County, Indiana. Appellant contends that the statements, a confession, were obtained by Officer Bistricky in Cleveland under circumstances that did not constitute a knowing and voluntary waiver of rights under Ind.Code § 31–6–7–3(a) (Burns 1981). Defendant asserts that we should apply Indiana law so as to exclude the confession, but we do not meet that issue.

At trial, Defendant failed to object to Officer Bistricky's testimony. An application of Indiana law to this record results in the issue being unavailable for review. *Stubblefield v. State*, (1979) Ind., 386 N.E.2d 665, 667; *Pointon v. State*, (1978) 267 Ind. 624, 627, 372 N.E.2d 1159, 1161 (cases cited therein).

### ISSUE II

On November 9, 1979, informations were filed against Defendant, one charging the murder of Shawn and the other the robbery of him. The robbery information, although labeled "Robbery Class 'A' Felony," charged a class "B" robbery. On November 26th, the defendant and his counsel appeared for arraignment. The court explained the purpose of the proceedings to the defendant and ascertained that he understood them. It then read the text of the robbery charge and the robbery statute to Defendant and advised him that he was charged with a class "A" felony. Thereupon, defense counsel interposed that the information charged only a class "B" robbery, notwithstanding that it was labeled a class "A" robbery.

Considerable discussion at the bench followed concerning whether the instrument charged a class "A" or a class "B" robbery, but nothing was resolved.

Without resolving the question, the trial court proceeded to explain the defendant's constitutional rights to him, advised him of the possible sentences provided for the different classes of robbery and asked him for his plea. Again, defense counsel interrupted and inquired if his client was being asked for a plea to class "A" robbery or to class "B" robbery. He further advised that he and his client came prepared to plea to the class "B" offense only. Further discussion was had, and the court ultimately determined that only a class "B" robbery had been charged. It then announced that it would not take a plea upon the charge, and, over the defendant's objection, granted leave to the State to amend the information. Thereafter, the prosecutor did file an amended information which charged a class "A" robbery. The prosecutor, at a later

date, also filed an additional information charging Theft "D". Defendant was arraigned upon that charge but was never arraigned upon either the original robbery charge or the amended charge.

The defendant charges that in permitting the aforesaid amendment, the trial court violated subsection (e) of Ind. Code § 35–3.-1–1–5 (Burns 1979),[1] which is as follows:

"(e) Notwithstanding any other provision in this section, an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the offense charged; nor may an indictment or information be amended after arraignment for the purpose of curing a failure to charge or state an offense or legal insufficiency of the factual allegations."

(Repealed September 1, 1982.)

Theory of the case is defined as "Facts on which the right of action is claimed to exist". (Black's Law Dictionary, Third Edition.) There is a substantial difference in the facts that constitute the two offenses. Hence, we believe that it cannot be said that the amended information did not change the theory of the prosecution.

The code section above cited is a substantial departure from the former law in several respects and restricts the prosecutors and trial judges in several particulars not previously encountered.

■ The purpose of an indictment or information is first to inform the court of the facts alleged, so that it may decide whether or not they are sufficient in law to support a conviction, and second, to furnish the accused with such a description of the charge against him as will enable him to make his defense and avail of his conviction or acquittal for protection against further prosecution for the same offense. *State v. Allen*, (1895) 12 Ind.App. 528, 40 N.E. 705.

In view of the above stated purpose, we are at a loss to understand why the State should not be entitled to amend charges, even as to theory and identity, as we under-

---

1. 35–3.1–1–5 Amendment of charge

Sec. 5. (a) An indictment or information which charges the commission of an offense shall not be dismissed but may be amended on motion by the prosecutor at any time because of any immaterial defect, including:

(1) any miswriting, misspelling or grammatical error;

(2) any misjoinder of parties defendant or offenses charged;

(3) the presence or absence of any unnecessary or repugnant allegation;

(4) the failure to negative any exception, excuse, or proviso contained in the statute defining the offense;

(5) the use of alternative or disjunctive allegations as to the acts, means, intents, or results charged;

(6) any mistake in the name of the court or county in the title of the action, or the statutory provision alleged to have been violated;

(7) the failure to state the time or place at which the offense was committed where time or place is not of the essence of the offense;

(8) the failure to state an amount of value or price of any matter where such value or price is not of the essence of the offense; or

(9) any other defect which does not prejudice the substantial rights of the defendant.

(b) The indictment or information may be amended in matters of substance or form by the prosecutor upon giving notice to the defendant and with the consent of the court, at any time before arraignment. When the information or indictment is amended, it shall be signed by the prosecuting attorney.

(c) Upon motion of the prosecutor the court may at any time before, during or after the trial permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

(d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any adjournment or postponement of the proceedings which may, by reason of such amendment, be necessary to accord the defendant adequate opportunities to prepare his defense.

(e) Notwithstanding any other provision in this section, an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the offense charged; nor may an indictment or information be amended after arraignment for the purpose of curing a failure to charge or state an offense or legal insufficiency of the factual allegations. As amended by Acts 1978, P.L. 2, Sec. 3526. (Repealed September 1, 1982).

stand such terms, when it can be done without prejudicing the substantial rights of the accused. Nor do we see how the accomplishment of a change in charges by amendment, prior to arraignment, can be objectionable when the dismissal and refiling of charges would not be proscribed by the statute of limitations or speedy trial rules. Yet subsection (e) leaves no discretion in the trial judge in such matters.

■ We are, therefore, compelled to hold that the trial court erred in permitting the amendment and that the defendant was convicted of a crime for which he had not been charged.

### ISSUE III

Several assignments challenge the validity of the waiver of Defendant from juvenile court into criminal court.

### A.

Defendant first contends that the State did not prove beyond a reasonable doubt that probable cause existed to believe that he committed Murder, Ind. Code § 31–6–2–4(c)(2) (Burns 1981) and Armed Robbery, Ind. Code § 31–6–2–4(d)(2) (Burns 1981). He acknowledges Ind. Code § 31–6–7–13(a) (Burns 1981):

"A finding by a juvenile court that a child committed a delinquent act, or that an adult committed a crime, must be based upon proof beyond a reasonable doubt. Any other finding must be based upon a preponderance of the evidence."

He asks us to avail ourselves of the license afforded by *Breed v. Jones*, (1975) 421 U.S. 519, 538 n. 18, 95 S.Ct. 1779, 1790 n. 18, 44 L.Ed.2d 346, 360 n. 18 to require proof beyond a reasonable doubt that he committed the offenses charged as a prerequisite to waiver.

■ A standard of proof as high as beyond a reasonable doubt would effectively convert the waiver hearing contemplated by Ind. Code § 31–6–2–4 into a trial upon the merits. The purpose of the hearing, however, is to assist the court in making findings concerning its jurisdiction, which does not depend upon the juvenile's guilt or innocence of the offense charged. *Walker v. State*, (1976) 265 Ind. 8, 15, 349 N.E.2d 161, 166, *cert. denied*, (1976) 429 U.S. 943, 97 S.Ct. 363, 50 L.Ed.2d 313. In his argument Defendant offers no persuasive reason why we should alter the scheme established by the Legislature.

### B. & C.

Defendant presents two issues related to Ind. Code § 31–6–2–4(c) and (h) (Burns 1981): [2]

"(c) Upon motion of the prosecutor and after full investigation and hearing, the juvenile court shall waive jurisdiction if it finds that:

(1) The child is charged with an act that would be murder if committed by an adult;

(2) There is probable cause to believe that the child has committed the act; and

(3) The child was ten (10) years of age or older when the act charged was allegedly committed; unless it would be in the best interests of the child and of the safety and welfare of the community for him to remain within the juvenile justice system."

\*     \*     \*     \*     \*     \*

"(h) The waiver order must include specific findings of fact to support the order."

· Defendant complains that the juvenile court's waiver order [3] does not contain a

---

2. From the language and citation used in his brief, Defendant relies upon a version of Ind. Code 31–6–2–4(h) which reads as follows:

"The court shall file a copy of its waiver order with the court to which the child has been waived. The court shall include in the order detailed and specific findings of fact to support its conclusions."

This version was amended effective October 1, 1979. Acts 1979, P. L. 276, section 6, p. 1385 and section 61, p. 1446.

3. The record of the waiver order reads as follows:

"All right, let the record show that this cause is now submitted for evidentiary hearing upon prosecutor's Motion for Waiver heretofore filed

statement of specific reasons to justify the waiver and therefore, violates Ind. Code § 31–6–2–4(h) and our decisions in *Atkins v. State*, (1972) 259 Ind. 596, 290 N.E.2d 441 and *Summers v. State*, (1967) 248 Ind. 551, 230 N.E.2d 320 (per curiam).

Neither *Atkins* nor *Summers* treats the statute subsection at issue. *Gregory v. State*, (1979) Ind., 386 N.E.2d 675, 679. Ind.Code § 31–6–2–4(c) creates a presumption of waiver with respect to juveniles charged with Murder.[4] After conducting the required hearing, the trial court, in order to waive jurisdiction of the juvenile, need only find that the act charged would be Murder if committed by an adult, that probable cause exist to believe that the child committed the act and that the child was over ten years of age when the act charged was allegedly committed. The Juvenile Court's order was adequate under the statute. *Gregory v. State, supra.*[5]

Defendant also complains of the trial court's failure to find specifically that it was not in the best interests of the child and of the safety and welfare of the community for him to remain within the juvenile justice system. Ind.Code § 31–6–2–4(c). He asserts that since he presented evidence of appropriate dispositional alternatives within the juvenile justice system, the burden shifted to the State to produce evidence in rebuttal, and that the trial court was obligated to find specifically that the proposed alternatives were inadequate.

The juvenile court's jurisdiction is exclusive with respect to children charged with crimes. Ind.Code § 31–6–2–1(a)(7) (Burns 1981). Even if the court finds the prerequisites for waiver to exist under Ind. Code § 31–6–2–4(c)(1), (2) and (3), it retains discretion to keep the child within the juvenile justice system. *See State v. Jump*, (1974) 160 Ind.App. 1, 4, 309 N.E.2d 148, 149. Defendant admits that his evidence of dispositional alternatives was meager. The probation officer who testified dealt only in generalizations and did not mention the specific circumstances of the defendant. The juvenile court was entitled to give this testimony whatever weight that it deemed appropriate. Defendant has not shown an abuse of discretion.

Our review of the record discloses that the juvenile court committed no error in its waiver of jurisdiction.

## ISSUE IV

Defendant contends that the trial court erred in not granting a motion for a new trial on the basis of newly discovered evidence.

At the hearing on the motion, one Divette Conaway testified concerning conversations that she had had with one Janice Jones concerning Teeter's murder. In these conversations Jones admitted that she was near the scene on the night of the murder; however, she was not actually inside the Teeter home when the homicide occurred.

by the Deputy Prosecuting Attorney. Evidence is heard and concluded. The Court being duly advised now makes the following findings and judgment. The Court finds that the child, James Anthony Trotter, was seventeen years of age at the time of the charged offense, that said child is subject to the jurisdiction of the juvenile court by virtue of a formal petition alleging delinquency having been filed on October 16, 1979, that the offense charged would be a crime if committed by an adult, to-wit: Murder. There is probable cause to believe that the child committed the offense charged and that the Court has not found from the evidence that it would be in the best interest of the said child, and the public welfare and security, for said juvenile to remain within the juvenile justice system. The juvenile jurisdiction should be waived, the child held for trial under the regu-

lar procedural court, which would have jurisdiction of such offense if committed by an adult."

4. We note that the presumption applies with respect to any charged felony which would be a lesser included offense of an indictment or information charging Murder as defined in Ind. Code 35–42–1–1(2) (Burns 1979). *Snodgrass v. State*, (1980) Ind., 402 N.E.2d 1235, 1238, *on rehearing*, (1980) Ind., 406 N.E.2d 641.

5. Defendant's reliance upon *Kent v. United States*, (1966) 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 is misplaced. In *Kent* the Court merely interpreted the juvenile code of the District of Columbia. Its holding is not of constitutional dimension.

Prior to Conaway's testimony defense counsel asked Jones numerous leading questions in response to which Jones either explained or denied the conversations. Thus, the testimony of the two witnesses conflicted, and the trial court could find that Defendant produced no new evidence which had a bearing upon his alibi defense, and the trial court did not err in denying the motion.

The judgment of the trial court upon the murder conviction is affirmed.

For the reasons related under Issue II the judgment of the trial court is reversed upon the robbery conviction and the verdict thereon is ordered vacated.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.