Dell Ray SMITH a/k/a Dell Ray Watford, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1181S333.

Supreme Court of Indiana.

Feb. 8, 1984.

Rehearing Denied May 11, 1984.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of Attempted Murder, a class A felony, Ind.Code §§ 35–41–5–1 and 35–42–1–1 (Burns 1979) and sentenced to thirty (30) years imprisonment. His direct appeal presents seven (7) issues for review, one of which compels us to reverse the judgment of the trial court.

In an amended Information the Defendant was charged as follows:

"On or about the 31st day of July, 1980, in St. Joseph County, State of Indiana, DELL RAY SMITH a/k/a DELL RAY WATFORD did attempt to commit the crime of murder by knowingly striking, cutting, and stabbing at and against the body of Vanessa Frison with a knife, then and there held in the hand of the said DELL RAY SMITH a/k/a DELL RAY WATFORD with the intent to kill the said Vanessa Frison and did thereby cause serious bodily injury to the said Vanessa Frison, which conduct constitut-

ed a substantial step toward the commission of the said crime of Murder.

All of which is contrary to the form of the Statute in such cases made and provided, to-wit: Ind.Code 35–41–5–1 and Indiana Code 35–42–1–1(1), and against the peace and dignity of the State of Indiana."

Following the presentation of evidence, the court gave, among others, the following instruction:

"STATE'S INSTRUCTION NO. *3*

You are instructed that the essential elements of the crime of attempted Murder which the State of Indiana must prove beyond a reasonable doubt are the following:

1. That the Defendent (sic) knowingly,

2. Engaged in conduct that constituted a substantial step toward the commission of Murder."

Defendant contends, and we agree, that the instruction, which purports to state the essential elements of the crime of attempted murder, fails to include an essential element of the offense, namely, that the Defendant must have had the specific intent to commit murder in order to be found guilty of attempted murder.

■ We note initially that the record states that there were no objections to the instructions given and that a timely objection to the giving of an instruction is generally required to preserve error on appeal. *Bonds v. State*, (1982) Ind., 436 N.E.2d 295, 300; *Henderson v. State*, (1979) 271 Ind. 633, 637, 395 N.E.2d 224, 228. However, when the record reveals blatant violations of basic and elementary principles, and the harm or the potential for harm cannot be denied, we will review an issue which was not properly raised and preserved. *Webb v. State*, (1982) Ind., 437 N.E.2d 1330, 1332; *Nelson v. State*, (1980) Ind., 409 N.E.2d 637, 638. This case is one in which the error rises to what is known as fundamental error, one which, if not rectified, would deny the defendant fundamental due process. *Nelson v. State*, 409 N.E.2d at 638.

The general attempt statute, Ind.Code § 35–41–5–1 (Burns 1979) provides in pertinent part:

"(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a class A felony."

The murder statute, Ind.Code 35–42–1–1 provides in pertinent part:

"A person who: (1) Knowingly or intentionally kills another human being; ... commits murder, a felony."

In *Zickefoose v. State*, (1979) 270 Ind. 618, 622, 388 N.E.2d 507, 510, this Court held that there are two necessary elements of the crime of attempted murder: "First, the defendant must have been acting with a specific intent to commit the crime, and second, he must have engaged in an overt act which constitutes a substantial step toward the commission of the crime." *Accord Scott v. State*, (1980) Ind., 413 N.E.2d 902, 904.

■ When an instruction purports to set forth all of the elements of a crime necessary to a conviction, the instruction is fatally defective if a necessary element is omitted. *Duling v. State*, (1976) 170 Ind. App. 607, 613, 354 N.E.2d 286, 292 (and cases cited therein). The State contends that the instructions, considered as a whole, do inform the jury of the "specific intent" requirement. The State is correct in noting that instructions are to be considered as a whole and in reference to each other. *Green v. State*, (1982) Ind., 438 N.E.2d 266, 268. In the case at bar, the trial court read, as part of the instructions, the charging Information with the added statement that the State has the burden to prove all of the material allegations of the Information beyond a reasonable doubt. The court also read the attempt and murder statutes noted above as well as Defend-

ant's Instruction No. 4, which reads as follows:

"DEFENDANT'S INSTRUCTION NO. 4

Statutes of this State were in effect on July 31, 1980, which defined the basis for criminal liability. Among those statutes are the following:

A person commits an offense only if he voluntarily engages in conduct in violation of the statute defining the offense.

Culpability.—

(a) A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so.

(b) A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so.

(c) A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct.

(d) Unless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct."

■ Nowhere in these instructions, however, is there any statement to the effect that if the Defendant is to be found guilty of attempted murder, there must first be a finding that when he engaged in the conduct proscribed, he intended to kill Vanessa Frison. Nor did any of the instructions modify, explain, or nullify the erroneous instruction which was given. Thus, we are left with instructions which would lead the jury to believe that the Defendant could be convicted of attempted murder if he knowingly engaged in conduct which constituted a substantial step toward the commission of murder. Although one may be guilty of murder, under our statute, without entertaining a specific intent to kill the victim, he cannot be guilty of attempted murder without entertaining such intent. The attempt must be to effect the proscribed result and not merely to engage in proscribed conduct. An instruction which correctly sets forth the elements of attempted murder requires an explanation that the act must have been done with the specific intent to kill. Here, the instruction does not, and the jury might infer from the instructions given that they could find the Defendant guilty of attempted murder even if there was no intent to kill the victim at the time he acted.

In *Clemons v. State*, (1981) Ind., 424 N.E.2d 113, the appellant contended that an instruction on the elements of the crime of attempted murder was incomplete because it did not set forth the element of specific intent to kill. This Court found his argument to be without merit inasmuch as the court also instructed the jury on the definition of murder, and the necessary element of specific intent was correctly set out therein. The case at bar, however, contains no instruction on specific intent; therefore, we are compelled to reverse the judgment of the trial court and remand this cause for a new trial.

■ An additional issue raised by the Defendant warrants our attention here, inasmuch as the question of his waiver from juvenile court to the St. Joseph Superior Court will arise on retrial.

The Defendant was waived from the jurisdiction of the St. Joseph Probate Court to the St. Joseph Superior Court pursuant to Ind.Code § 31-6-2-4(d) which provides in pertinent part:

"(d) Upon motion of the prosecutor and after full investigation and hearing, the juvenile court shall waive jurisdiction if it finds that:

(1) The child is charged with an act that, if committed by an adult, would be:

(A) A class A or class B felony, except a felony defined by IC 35-48-4;

\*　　\*　　\*　　\*　　\*　　\*

(2) There is probable cause to believe that the child has committed the act; and

(3) The child was sixteen (16) years of age or older when the act charged was allegedly committed; unless it would be in the best interests of the child and of the safety and welfare of the community for him to remain within the juvenile justice system."

Defendant argues that the waiver from the juvenile court was invalid in that (1) the statute placed an unconstitutionally vague burden of proof on him; (2) no probable cause existed that he committed an act which would be a class A felony if committed by an adult, and (3) it was not in the best interests of the child and the community for him to be waived out of the juvenile system.

With respect to the question of whether the statute placed an unconstitutionally vague burden of proof on the Defendant, the Indiana Court of Appeals, responding to an earlier version of the statute and the applicable standards, has held that the standard of "the child's welfare and the best interests of the state" is a sufficient guideline, saving the statute from being void on its face for vagueness, and provides sufficient notice to the juvenile to enable his preparation for the waiver hearing. In addition, the court found that the safeguard of requiring a statement of reasons for the waiver order allowed a broad standard such as the one therein to be constitutionally sound. *Clemons v. State,* (1974) 162 Ind.App. 50, 54, 317 N.E.2d 859, 862–863, *cert. denied* 423 U.S. 859, 96 S.Ct. 113, 46 L.Ed.2d 86; *Accord Imel v. State,* (1976) 168 Ind.App. 384, 389, 342 N.E.2d 897, 900. Further, appellate review of the court's findings protects the juvenile from arbitrary, capricious or discriminatory decisions.

Defendant next contends that inasmuch as the petition alleging delinquency failed to charge that he was acting with the intent to kill the victim, the State failed to charge an act which would be a class A or class B felony if committed by an adult, and thus, no probable cause existed to justify his waiver to adult court. We find his argument to be without merit.

The petition charging delinquency provided in pertinent part:

"5. The said child is a delinquent as defined in IC 31–6–4–1 in that he committed an act which would be a crime if committed by an adult, to-wit: On or about the 31st day of July, 1980, in St. Joseph County, State of Indiana, DELL RAY WATFORD a/k/a DELL RAY SMITH did attempt to commit the crime of murder by knowingly striking, cutting and stabbing at and against the body of VANESSA FRISSON with a knife, then and there held in the hand of the said DELL RAY WATFORD a/k/a DELL RAY SMITH, and did thereby cause serious bodily injury to the said VANESSA FRISON, which conduct constituted a substantial step toward the commission of the said crime of murder. All of which is contrary to I.C. 35–41–5–1 and I.C. 35–42–1–1(1)."

Following Defendant's waiver from juvenile court, an Information containing identical language was filed in Superior Court; it was subsequently dismissed, upon Defendant's motion, and the State, prior to the Defendant's arraignment, amended the Information to include the words, "with the intent to kill."

██ The charge presented to the juvenile judge must be sufficient to allow him to make an enlightened determination regarding the propriety of a waiver from the juvenile system and to allow the Defendant to be informed of the nature and cause of the charge against him, inasmuch as the purpose of the waiver hearing is to assist the court in making findings concerning its jurisdiction. *Trotter v. State,* (1981) Ind., 429 N.E.2d 637, 641. It is clear from the language in the petition that Defendant was being charged with attempted murder, a class A felony. If sufficient evidence is presented at the waiver hearing to support a finding of probable cause that the defendant has committed a crime which would be a class A or a class B felony if committed by an adult, he will be waived to adult court unless it is in the best interests of the juvenile and of the community for him to

remain in the juvenile system. *Gregory v. State,* (1979) 270 Ind. 435, 442, 386 N.E.2d 675, 679.

At the waiver hearing, the victim testified that in the early morning hours of July 31, 1980, she was awakened in her bed when someone climbed on her back. She was unable to discern who the person was, but he displayed a knife and raped her. He then dressed and went into the dining room where a light was on. She was able to see the side of his face, and she cried out, "Dell Ray that's you." The Defendant came toward her and began stabbing her. She fell to the floor and eventually was able to knock the knife from the Defendant's hand. As she attempted to defend herself she said, "Dell Ray I am pregnant." Defendant responded by saying that he did not give a damn. He eventually left her home, and she sought assistance. In addition, a police officer testified that upon arriving at the victim's home he found blood on the living room floor and an eight (8) or nine (9) inch knife on the floor. He called other officers to the scene and then went to the hospital to talk to the victim who told him that her attacker had been the Defendant. The Defendant's home was searched and a pair of blood covered gym shoes was recovered.

The intent to commit murder may be inferred from the intentional use of a deadly weapon in a manner likely to cause death. *Harris v. State,* (1981) Ind., 425 N.E.2d 112, 116; *Scott v. State,* (1980) Ind., 413 N.E.2d 902, 905. The victim was stabbed several times and suffered serious injuries; therefore, we find that there was sufficient evidence presented which would allow the juvenile judge to find that probable cause existed to believe that the Defendant had attempted murder.

The fact that the charging information, containing identical language, was dismissed by the superior court is not relevant to the question here. The degree of precision in the actual charging information to render it sufficient to enlighten and protect the Defendant at trial is greater than that required in a petition which triggers a waiver hearing in juvenile court. We see no logic to a rule which would require a new waiver proceeding each time an information is amended. Rather, we would require a new waiver proceeding only in the event that the substantial rights of the juvenile would otherwise be violated.

The situation in the case at bar is somewhat similar to that in *Strosnider v. State,* (1981) Ind.App., 422 N.E.2d 1325, in which the juvenile defendant asserted that no probable cause existed to support the charge of attempted burglary of a dwelling in the juvenile waiver hearing because the trial court later dismissed that charge. The court, however, determined that a dismissal of the charges does not necessarily imply a lack of probable cause. *Id.* at 1328.

Finally, Defendant's argument that the court erred in finding that it was in the best interests of the child and of the community for the Defendant to be waived from the juvenile system is without merit. Essentially, Defendant presents us with the question of whether the finding is supported by sufficient evidence. In reviewing the order waiving jurisdiction this Court will not weigh the evidence nor judge the credibility of witnesses. We will look only to the evidence most favorable to the State and the reasonable inferences to be drawn therefrom. The record of the waiver hearing may be used to supplement the reasons given for the waiver as stated by the juvenile judge. *Jonaitis v. State,* (1982) Ind.App., 437 N.E.2d 140, 143 (*Transfer denied*); *Bey v. State,* (1979) 179 Ind.App., 87, 89, 385 N.E.2d 1153, 1157.

As a part of its findings the court noted:

"The Court also finds from the evidence that it would be in the best interests of the Juvenile and the safety and welfare of the community for him to be waived to adult court. The Court makes such findings from the fact that there have been previous referrals to the probation department of this Court concerning said Juvenile, or concerning offenses

that the Court does, indeed, believe to be serious in nature.

The Court further believes that the options available to this Court by having the Juvenile remain in the Juvenile justice system are not appropriate to deal with the allegations in this instance."

During the testimony of Thomas Frederick, Chief Probation Officer, the following exchange occurred:

"Q. He [the Defendant] has previously been referred to your department?

A. Yes, he has.

Q. Were those referrals of an aggravated nature?

A. Yes, they were.

    \*     \*     \*     \*     \*     \*

Q. Do you have an opinion as to what the best interests of the safety and welfare of the community require in terms of a waiver?

A. Yes, I believe that pursuant to Statute, those people 16 years of age and older who have committed Class A or B felonies shall be waived to the adult court for the protection and safety of the community.

Q. With regard to this particular individual, do you have an opinion as to what the best interests of the safety and welfare of our community would require?

A. Yes. If the allegations of this petition are, in fact, true, that serious consequences must attach and he should be dealt with in the adult court.

The aggravated character of this particular offense is concerning to me, and I am sure it would be to any member of this community, and an attack of this nature is unwarranted."

When asked for his opinion regarding the best interests of the Defendant he responded:

"I think it's a difficult situation to assess. Having reviewed the file on this young man, having reviewed the allega-tions and the police reports in respect to this particular incident, it appears to me that he has a propensity toward violence. And the underlying characteristic of that would be the fact that he carries weapons, he has been known to use those weapons.

If the facts as reported in the police reports in this particular incident are correct, then it is a very aggravated, heinous type of offense, which I think that would be beyond the scope of our department or the Juvenile Court to deal with. Which leaves no other option other than a waiver to the adult court. To be dealt with up there, as is appropriate.

If the allegations are true, I have not seen any significant remorse on his part, and certainly those kinds of things would mitigate toward any kind of rehabilitative process we might be involved in."

In light of the aggravated nature of the instant offense and the testimony of Frederick, we find that sufficient evidence existed to support the court's finding that it would be in the best interests of the Juvenile and the safety and welfare of the community for him to be waived to an adult court.

The judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.

HUNTER and DEBRULER, JJ., concur.

PIVARNIK, J., dissents with opinion, in which GIVAN, C.J., concurs.

PIVARNIK, Justice, dissenting.

I respectfully dissent from the majority opinion in this case, which reverses the trial court because it failed in the giving of instructions on the essential elements of attempted murder. The trial court should be affirmed because the defendant failed to preserve any error by not objecting to the giving of the instructions and the instructions that were given were not so inadequate as to constitute fundamental error.

The defendant concedes that as a general proposition, any error in the instructions

which are read to a jury is waived by the failure to make a timely objection. *Jacks v. State*, (1979) 271 Ind. 611, 394 N.E.2d 166. It is also the law, as the majority and the State point out, that all instructions are to be read together and construed as a whole. *Green v. State*, (1982) Ind., 438 N.E.2d 266, 268.

It is necessary to set out the instructions which, when considered as a whole, list the elements of attempted murder. First, the trial court gave the following as final instruction No. 1:

> Ladies and Gentlemen of the Jury: This is a criminal prosecution commenced by the filing of an Information charging Attempt, Class A Felony, against defendant Dell Ray Smith a/k/a Dell Ray Watford. The essential parts of said Information are in substance as follows, to-wit:
>
> Vanessa Frison, being duly sworn upon her oath, says that:
>
> On or about the 31st day of July, 1980, in St. Joseph County, State of Indiana, Dell Ray Smith a/k/a Dell Ray Watford did attempt to commit the crime of murder by knowingly striking, cutting, and stabbing at and against the body of Vanessa Frison with a knife, then and there held in the hand of the said Dell Ray Smith a/k/a Dell Ray Watford with the *intent to kill* the said Vanessa Frison and did thereby cause serious bodily injury to the said Vanessa Frison, which conduct constituted a substantial step toward the commission of the said crime of Murder.
>
> All of which is contrary to the form of the statute in such cases made and provided, to-wit: Ind.Code 35–41–5–1 and Indiana Code 35–42–1–1(1), and against the peace and dignity of the State of Indiana.
>
> The defendant has entered a plea of not guilty to the said Information, and under the issues thus joined, the burden is upon the State of Indiana to prove all the material allegations of the Information beyond a reasonable doubt. (emphasis added)

It also gave final instruction No. 5 which reads as follows:

> I instruct you that on the 31st day of July, 1980, there was in full force and effect in the State of Indiana the following Statutes, the pertinent parts of which are as follows, to-wit:
>
> 35–41–5–1. Attempt. (a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A felony.
>
> 35–42–1–1. Murder. A person who (1) Knowingly or intentionally kills another human being.

The defendant tendered his instruction No. 4, which was given as final instruction No. 9:

> Statutes of this State were in effect on July 31, 1980, which defined the basis for criminal liability. Among those statutes are the following:
>
> A person commits an offense only if he voluntarily engages in conduct in violation of the statute defining the offense.
>
> Culpability.—
>
> (a) A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.
>
> (b) A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.
>
> (c) A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct.
>
> (d) Unless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct.

The trial court further gave final instruction No. 6 which stated: "Intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death." The jury was thus informed of the statutory elements of murder and attempt. The court told the jury what the charges were against this defendant and further advised the jury the burden was upon the State to prove all the material allegations of the information beyond a reasonable doubt. The jury was told a person commits an offense only if he voluntarily engages in conduct in violation of the statute defining the offense and were given definitions of "intentionally," "knowingly," and "recklessly." The jury therefore had all of these instructions before it in addition to the one given as final instruction No. 7, which told them the State must prove the defendant knowingly engaged in conduct that constituted a substantial step toward the commission of murder. It might have been better if the trial court had stated that this was one of the essential elements of the crime of attempted murder rather than stating generally that the essential elements of the crime of attempted murder were as the instruction stated. This was not, however, a shortcoming which amounted to fundamental error. A full understanding of the law necessary for the resolution of the issues was given to the jury and instruction No. 7, along with the other instructions, completely informed the jury about the essential elements of attempted murder.

Defendant's failure to object in any manner to the instructions given by the court, thereby denying the trial judge an opportunity to correct instruction No. 7, amounted to a waiver and no issue of reversible error is therefore presented to this Court. When taken in their entirety, the instructions correctly inform the jury as to the essential elements of attempted murder. I dissent and would affirm the judgment of the trial court.

GIVAN, C.J., concurs.