**William David LAWRENCE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 784S305.**

Supreme Court of Indiana.

Nov. 5, 1986.

Robert M. Hess, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in a conviction of Attempted Murder, a Class A Felony, and Conspiracy to Commit Murder, a Class A Felony. The trial court merged the two counts and sentenced appellant to thirty (30) years imprisonment.

The facts are: Audrey Moore, the wife of Carl Moore, approached her son, Benny Ray Coleman, stating that she wanted her husband, Coleman's stepfather, killed and that she would pay $10,000 to have it done, $5,000 to be paid from her savings account and $5,000 to be paid when she received life insurance payments upon the death of her husband.

Coleman approached appellant asking that he aid in accomplishing the death of Carl Moore. Coleman obtained a gun for the purpose of carrying out their plan. Both Coleman and appellant told other people of their plans to kill Carl Moore. The pair made two attempts on Moore's life prior to the unsuccessful attempt which is the subject of this prosecution.

On the night of the attack in question, Coleman called appellant and told him that his mother and others would be at church that night and it would be a good time to kill Moore. Appellant and Coleman planned to make it look as if the home had been burglarized. Audrey Moore left some boxes of jewelry lying on the dresser for appellant and Coleman to use to make it look like a burglary had taken place. Audrey Moore also said that they could keep the $600 which was in Moore's wallet at the time.

When appellant and Coleman arrived at the residence, Moore was in bed asleep. They entered the house and apparently were primarily interested in finding the wallet containing $600. After being in the house for a brief period, Coleman told appellant he would meet him around the corner and left the house. Appellant went into the bedroom where he found Moore asleep. He took the jewelry boxes which had been left on the dresser by Audrey Moore and left them by the back door. He then returned to the bedroom to get the wallet. Moore woke up and appellant shot several times until the gun was empty. Moore was wounded in the head, legs and arm. Appellant ran from the house, met Coleman and the pair drove to appellant's home. Appellant buried the gun in the sand by his house. Appellant told his sister and brother-in-law what he had done and told them if anyone asked, he had been with them all night.

On July 28, 1983, appellant was arrested, advised of his rights and taken to the police station. Before being questioned, appellant was allowed to call his father, Robert Lawrence, a former police officer. Appellant's father came to the police station and

talked in private with his son for five or ten minutes. Appellant then indicated he was willing to make a statement about the shooting. He was again advised of his rights, orally indicated he understood his rights and signed a waiver form. He then made a statement confessing that he had shot Carl Moore and that he and Coleman had planned and executed the crime. After the statement was given, appellant was given the opportunity to read his statement and to further consult with his father. He told the police he would take them to where his gun was buried. The next day, on July 29, 1983, appellant took the police to the spot where the gun was recovered.

Appellant claims the trial court erred in permitting the State to introduce his statement at trial because his statement was involuntarily given due to his extreme intoxication. Both appellant and his father testified that he was greatly intoxicated at the time he made his statement. However, Detectives Basista and Szostek testified that although appellant had the odor of alcohol about him, he did not appear to be drunk. They testified he was coherent and responded to the questions logically when asked. When there is conflicting evidence concerning the voluntariness of a confession, this Court will not weigh such conflicting evidence but will merely determine whether there was substantial evidence of probative value to support the trial court's finding. *Anderson v. State* (1984), Ind., 466 N.E.2d 27. There is ample evidence in this record to support the trial court's decision to permit the jury to hear appellant's confession.

Appellant claims there is not substantial evidence to support his conviction of Conspiracy to Commit Murder. He also claims there was insufficient evidence to support his conviction of Attempted Murder.

Conspiracy is defined in Ind. Code § 35–41–5–2 as occurring when one party agrees with another to commit a felony. Under the statute, the State is required to prove that the parties committed an overt act in furtherance of the agreement. The record in this cause is replete with evidence of the planning by Coleman and appellant to murder Moore.

Under Ind. Code § 35–41–5–1(a),

"A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A felony."

The conduct of Coleman and appellant as set forth above clearly supports the finding of the jury that appellant attempted to murder Moore. The intent to murder may be inferred from the use of the deadly weapon in a manner likely to cause death or great bodily harm. *Johnson v. State* (1983), Ind., 455 N.E.2d 932.

At trial, appellant testified contrary to the statement which he had made to the police officers and claimed that although Coleman had approached him with the proposition of murdering Moore, he had refused on several occasions and that when he arrived at the house with Coleman on the evening of the shooting, it was he who abandoned the plan and left the home and it was Coleman who shot Moore after appellant had abandoned the plan. This of course presents conflicting evidence which was for the jury to weigh. This Court will not presume to weigh such conflicting evidence. *Anderson, supra.*

The trial court is affirmed.

All Justices concur.