Lawrence SIMMONS, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S03–9411–PC–1042.

Supreme Court of Indiana.

Nov. 3, 1994.

Susan K. Carpenter, Public Defender, Steven H. Schutte, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

SULLIVAN, Justice.

This case comes to us on a petition to transfer the memorandum decision of the Court of Appeals in *Simmons v. State* (1994), 634 N.E.2d 878 (mem.). Ind.Appellate Rule 11(B). In that decision, the Court of Appeals affirmed the post-conviction trial court's denial of Simmons's petition for post-conviction relief. We now grant transfer to address the decisive issue raised by Simmons: whether the original trial court committed fundamental error when it instructed the jury on the elements of Attempted Murder.

A jury convicted Simmons of Attempted Murder. Ind.Code § 35–41–5–1 (1993). We affirmed the conviction on direct appeal in *Simmons v. State* (1987), Ind., 506 N.E.2d 25. Simmons now argues in his petition for post-conviction relief that the trial court committed fundamental error when it gave the jury the following instruction on Attempted Murder:

> A person who knowingly or intentionally kills another human being commits murder, a felony. A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward the commission of the crime. An attempt to commit murder is a Class A felony.
>
> To convict the defendant of the crime of attempted murder, the State must have proved the following elements:
>
> 1. The defendant knowingly or intentionally
> 2. took a substantial step to accomplish
> 3. a knowing or intentional killing of Edgar M. Turner.
>
> If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.
>
> If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of attempted murder, a Class A felony.

(R. 51).

For his argument that the trial court did not properly instruct the jury that a finding

of a specific intent to kill was necessary to convict him of Attempted Murder, Simmons relies on our decisions in *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507, *Smith v. State* (1984), Ind., 459 N.E.2d 355, and *Spradlin v. State* (1991), Ind., 569 N.E.2d 948. For its decision, the Court of Appeals relied upon our decisions in *Santana v. State* (1986), Ind., 486 N.E.2d 1010, *overruled by Spradlin v. State* (1991), Ind., 569 N.E.2d 948 [1] and *Worley v. State* (1986), Ind., 501 N.E.2d 406, *overruled by Spradlin v. State* (1991), Ind., 569 N.E.2d 948.[2] In both *Santana* and *Worley* we affirmed convictions for Attempted Murder based on jury instructions identical in all material respects to that given in Simmons's case and recited above.

### Discussion

■ "[T]he Due Process Clause [of the Fourteenth Amendment] protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). *See also Bellmore v. State* (1992), Ind., 602 N.E.2d 111, 126 and *Smith*, 459 N.E.2d at 357. In Indiana it is fundamental error to convict an accused of Attempted Murder based on an instruction that "fails to inform the jury that the substantial step toward the crime of murder must have been accompanied by the state of mind which is required for the crime of murder." *Abdul–Wadood v. State* (1988), Ind., 521 N.E.2d 1299, 1300; *Smith*, 459 N.E.2d at 357.

Our general attempt statute, Indiana Code § 35–41–5–1, provides in part:

(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A felony.

Our murder statute, Indiana Code § 35–42–1–1(1) (1993), provides in part: "A person who: knowingly or intentionally kills another human being … commits murder, a felony." We said of attempts in *Zickefoose*:

Although there are somewhat varying definitions of what conduct actually constitutes an attempt, there is fundamental agreement on the two necessary elements. First, *the defendant must have been acting with a specific intent to commit the crime,* and second, he must have engaged in an overt act which constitutes a substantial step toward the commission of that crime.

*Zickefoose*, 270 Ind. at 622, 388 N.E.2d at 510 (citations omitted) (emphasis added). *Accord, Scott v. State* (1980), 274 Ind. 687, 689, 413 N.E.2d 902, 904. About Attempted Murder in particular, we also said in *Zickefoose* that "[i]t is clear the same specific intent to kill must be shown for an attempted murder as for the crime of murder." *Zickefoose*, 270 Ind. at 620, 388 N.E.2d at 509. In *Smith* we reiterated our opinion in *Zickefoose* when we said:

Nowhere in these instructions, however, is there any statement to the effect that if the Defendant is to be found guilty of attempted murder, there must first be a finding that when he engaged in the conduct proscribed, he intended to kill.... Thus we are left with instructions which would lead the jury to believe that the defendant could be convicted of attempted murder if he knowingly engaged in conduct which constituted a substantial step toward the commission of murder. Although one may be guilty of murder, under our statute, without entertaining a specific

---

1. *See Taylor v. State* (1993), Ind., 616 N.E.2d 748, 749 ("*Spradlin* effectively overruled *King v. State* (1988), Ind., 517 N.E.2d 383; *Worley v. State* (1986), Ind., 501 N.E.2d 406; *Santana*, 486 N.E.2d 1010; and other prior cases contrary to *Spradlin*.").

2. See note 1, *supra*. The Court of Appeals also concluded that under the retroactivity analysis of

*Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), adopted by us in *Daniels v. State* (1990), 561 N.E.2d 487, 489, *Spradlin* does not apply retroactively to Simmons's case. Because of the way we decide this case, we express no opinion about the correct retroactivity analysis to be applied.

intent to kill the victim, he cannot be guilty of attempted murder.... The attempt must be to effect the proscribed result and not merely to engage in proscribed conduct.

*Smith,* 459 N.E.2d at 358.

We decided *Smith* in February of 1984. *Smith,* 459 N.E.2d at 355. Simmon's trial ended with the entry of a judgment of conviction against him on March 8, 1984. (R. 8). We decided Simmons's direct appeal in April of 1987. *Simmons,* 506 N.E.2d at 25. In the time between Simmons's conviction and our decision in his direct appeal, we decided *Santana* and *Worley* in 1986. We note that neither *Santana* nor *Worley* questioned the vitality of *Smith,* but both attempted to distinguish the instructions challenged from that found defective in *Smith. Santana,* 486 N.E.2d at 1011 ("The error in the *Smith* instruction dealt with the second portion of the instruction which focused on the proscribed conduct and not on the proscribed result. Thus *Smith* is not applicable."); *Worley,* 501 N.E.2d at 408 ("The differences in these instructions are obvious, and thus, *Smith* is distinguished from the present case.") [3]

In *Spradlin* we were asked, in light of the apparent conflict between the cases relying on *Smith* and those relying on *Santana* and *Worley,*

> to clarify the question as to whether or not it is reversible error to fail to instruct the jury that, in order to find the defendants guilty of attempted murder, the State must prove that, at the time of the commission of the act, the defendants intended to kill the victim.

*Spradlin,* 569 N.E.2d at 948 (emphasis added). What we said by way of clarification was the following:

> Henceforth, we hold that an instruction which purports to set forth the elements which must be proven in order to convict of the crime of attempted murder must inform the jury that the State must prove

beyond a reasonable doubt that the defendant, with intent to kill the victim, engaged in conduct which was a substantial step toward such a killing.

*Id.* at 950.

The State, in opposition to Simmons's Petition to Transfer, places great weight on our use of "Henceforth," arguing that it shows we intended that *Spradlin* not apply retroactively and therefore not to this case. We were, however, simply attempting to eliminate any *future confusion* about what the law already was at the time we decided *Spradlin.*

Furthermore, we might have been more explicit in *Taylor* when we said that *Spradlin* effectively overruled *King, Worley, Santana,* and other prior cases contrary to *Spradlin. Taylor,* 616 N.E.2d at 748. Because none of those cases contrary to *Spradlin* overruled *Smith,* but merely found grounds to distinguish their facts from those in *Smith,* to say that *Spradlin* overruled those cases is to say that they were indistinguishable from *Smith.* Because they were, in fact, indistinguishable from *Smith,* we now explicitly recognize that *King, Worley,* and *Santana* were wrongly decided, and that the rule of *Smith,* reiterated in *Spradlin,* should have controlled the decisions in those cases.

█ Similarly, the rule of *Smith* controls in this case. The instruction challenged by Simmons did not inform the jury that "the act must have been done with the specific intent to kill." *Smith,* 459 N.E.2d at 358. The State points to no other instruction which informed the jury of the required element of specific intent to kill, and we find none. *See Smith,* 459 N.E.2d at 357–358. We conclude that Simmons's conviction was in violation of the applicable law of this state, Ind.Post–Conviction Rule 1, § 1(a)(1), and that his petition for post-conviction relief should be granted.

### Conclusion

Accordingly, we now grant transfer, vacate the opinion of the Court of Appeals, reverse

---

**3.** *See also King v. State* (1988), Ind., 517 N.E.2d 383, 384 ("The challenged instruction is more similar to the instruction in *Worley* than the one in *Smith.*"). For other cases demonstrating the vitality of *Smith* after *Santana* and *Worley,* see, for example, *Hurt v. State* (1991), 570 N.E.2d 16, *Jackson v. State* (1989), Ind., 544 N.E.2d 853, and *Abdul–Wadood v. State* (1988), Ind., 521 N.E.2d 1299.

the post-conviction trial court, grant Simmons's petition for post-conviction relief, and remand to the original trial court for a new trial. App.R. 11(B)(3).

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents without separate opinion.