Cornelius MARTIN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9505–PC–284.

Court of Appeals of Indiana.

Nov. 14, 1995.

Transfer Denied Jan. 9, 1996.

---

Susan Carpenter, Public Defender of Indiana, Janice L. Stevens, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BARTEAU, Judge.

Cornelius Martin appeals from denial of his petition for post-conviction relief, raising four issues:

1. Whether the jury in Martin's trial was improperly instructed on the offense of attempted murder;

2. Whether the jury's verdicts were inconsistent;

3. Whether error occurred because the record does not reflect that the alternate juror was admonished not to participate in deliberations; and

4. Whether trial counsel was ineffective for failing to tender a proper accident instruction.

We affirm.

### STANDARD OF REVIEW

Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1, § 5; *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 374,

*trans. denied.* Thus, to succeed on appeal from the denial of his petition, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that of the post-conviction court. *Id.*

## FACTS

Martin and his wife, Tonya, had been separated for approximately two weeks prior to September 7, 1990. On that date, Tonya and Damon Garrett were parked in a car in front of Tonya's grandmother's house. Martin, who had been looking for Tonya, pulled up behind Garrett's car. He approached the car and Tonya stepped out to talk with him. They argued, Martin retrieved a knife from his car, declared that Tonya was going to die, and stabbed her in the arm and stomach. Garrett intervened with a tire iron, and was stabbed in the stomach by Martin. Martin contended that he stabbed Garrett in self-defense and that Tonya was accidentally stabbed during his struggle with Garrett. Martin was charged with the attempted murder of both Tonya and Garrett. A jury acquitted Martin of the attempted murder of Garrett and convicted him of the attempted murder of Tonya.

## INTENT TO KILL

■ Martin contends that the attempted murder instruction was fundamentally flawed, requiring reversal of his conviction. At trial, the jury was given the following instruction:

### ATTEMPT MURDER

A person attempts to commit a crime when he knowingly or intentionally engages in conduct that constitutes a substantial step toward the commission of the crime.

Murder is a felony, but Attempt Murder is a Class A Felony.

The crime of Murder is defined by statute as follows:

A person who knowingly or intentionally kills another human being commits Murder.

To convict the Defendant of Attempt Murder, the State must have proved each of the following elements:

1. The Defendant knowingly or intentionally
2. Engaged in conduct that constitutes a substantial step toward the commission of
3. The knowing or intentional killing of another human being.

The Defendant must have had the specific intent to commit Murder in order to be found guilty of Attempt Murder. Intent to kill may be inferred from the use of a deadly weapon in a manner reasonably calculated to cause death.

Martin did not object to this instruction nor tender an alternate one. Several recent supreme court cases have decreed that, in a trial by jury for the offense of attempted murder, fundamental error occurs when the jury is not instructed that the defendant must have entertained the specific intent to kill when he engaged in the conduct constituting a substantial step toward the crime of murder. *Simmons v. State* (1994), Ind., 642 N.E.2d 511; *Taylor v. State* (1993), Ind., 616 N.E.2d 748; *Hill v. State* (1993), Ind., 615 N.E.2d 97; *Spradlin v. State* (1991), Ind., 569 N.E.2d 948. Martin claims that the court's attempted murder instruction did not convey this requirement.

■ An instruction purportedly setting forth the elements required for an attempted murder conviction must specifically state that the jury is required to find that the defendant intended to kill the victim. *Beasley v. State* (1994), Ind., 643 N.E.2d 346, 349. "Instructing the jury with a list of elements which suggests that it may convict on a lesser mens rea, such as 'knowingly,' constitutes error." *Id.* Absent a correct mens rea instruction, the possibility exists that the jury might convict a defendant of attempted murder only upon a finding that he knowingly or intentionally engaged in conduct which created a substantial risk of death. *Brown v. State* (1992), Ind.App., 587 N.E.2d 693, 696. The instruction in the instant case does not suffer the defect alleged by Martin. While it purports to list the elements, and does not include specific intent therein, immediately

following the listing is the statement: "The defendant must have had the specific intent to commit murder in order to be found guilty of attempt murder." The inclusion of this statement immediately following the listing of elements and in the same instruction cures any error in not including specific intent to kill within the list of elements itself.

Martin contends, though, that the phrase "specific intent to commit murder" is not the equivalent of "specific intent to kill" and thus will not salvage the instruction. He argues that because the definition of murder is a knowing or intentional killing, the jury might have believed it could find Martin guilty of attempted murder only upon a determination that he acted knowingly.

■ Contrary to Martin's contention, the use of the phrase "intent to commit murder" rather than "intent to kill" did not amount to fundamental error. First, while *Spradlin* used the phrase intent to kill, the Indiana Supreme Court has since used intent to commit murder interchangeably with intent to kill. *Taylor*, 616 N.E.2d at 748 ("defendant must have intended to murder the victim at the time the defendant committed the act alleged to have been a substantial step toward the commission of the crime of murder"); *Hill*, 615 N.E.2d at 99 (tendered instruction providing that State must prove beyond a reasonable doubt that defendant acted with the specific intention of committing the crime of murder declared inartful but a correct statement of the law). Second, in *Brown*, 587 N.E.2d 693, this court reviewed prior opinions from the Indiana Supreme Court dealing with attempted murder instructions and determined:

> These cases suggest that fundamental error results 1) when the jury instructions on attempted murder completely fail to refer to the element of intent to kill; and 2) when the instructions leave the impression that intent to engage in the conduct leading to the risk of death alone is sufficient to convict on a charge of attempted murder. On the other hand, instructions which imperfectly instruct on the element of intent to kill but which do not affirmatively mislead the jury are erroneous but not fundamental error, and are therefore subject to waiver. An instruction which refers to the element of intent by stating that the defendant must "attempt to kill", rather than "intend to kill", the victim appears to be an example of an imperfect but not fundamentally erroneous instruction.

*Id.* at 696. Under the above analysis, even if we assume the instruction at hand is flawed, it did not amount to fundamental error. The instruction referred to the element of intent to kill and did not leave the impression that intentionally engaging in the conduct alone was sufficient to support a conviction for attempted murder. Thus, because Martin did not object to the instruction at trial or submit a correct instruction, and the error in the instruction, if any, is not fundamental, the issue is waived. *Brown*, 587 N.E.2d at 696.

■ Martin also contends that the attempted murder instruction was flawed because the court did not inform the jury that it was required to find that the intent element of attempted murder was to apply individually to each victim. The jury was instructed that it must find Martin "knowingly or intentionally engaged in conduct that constitutes a substantial step toward the commission of the knowing or intentional killing of another human being." Martin contends that the instruction did not inform the jury that he had to intend to kill Tonya in order to convict him of her attempted murder. Martin argues that it is possible that the jury transferred Martin's intent to kill Garrett to find him guilty of the attempted murder of Tonya.

Martin assumes that because the jury acquitted him of the attempted murder of Garrett, it must have found he acted in self-defense. From this, he surmises that (1) the jury could have found Martin had the intent to kill Garrett, but was justified because he was acting in self defense; (2) that Martin did not have the intent to kill Tonya; but (3) used the intent to kill Garrett to convict Martin of the attempted murder of Tonya.

No citation to authority is provided for Martin's proposition that the court is required to give separate instructions upon

each count, even though the counts charge the same crime, and we know of none. Martin's contention is too speculative to succeed. The fact the jury found Martin not guilty of the attempted murder of Garrett, and guilty of the attempted murder of Tonya, is more indicative that the jury understood that it must find Martin entertained the specific intent to kill each individual rather than the contrary. Had the jury believed that "transferred" intent was a possibility, Martin's stated purpose of intending to kill Tonya could have transferred to Garrett. The trial court did not err by failing to provide separate attempted murder instructions for each count.

### INCONSISTENT VERDICTS

■ Martin contends that the trial court erred in entering judgment on the verdict because the verdicts were contradictory and irreconcilable. He surmises that the jury could not consistently have found that he had the intent to kill Tonya but not the intent to kill Garrett, because if he was attempting to kill Tonya, then Garrett was justified in intervening. He argues that the jury must have accepted his version of the incident in order to acquit him of attempting to kill Garrett, and in his version he lacked the intent to kill Tonya. In *Hoskins v. State* (1990), Ind., 563 N.E.2d 571, our supreme court addressed a similar contention:

> In *Hicks v. State* (1981), Ind., 426 N.E.2d 411, we explained that "it is not within our province to attempt to interpret the thought process of the jury in arriving at their verdict.... The reason for allowing the jury to render verdicts, that are seemingly inconsistent, inheres within our system of jurisprudence. The jurors are the triers of fact, and in performing this function, they may attach whatever weight and credibility to the evidence as they believe is warranted." *Id.* at 414. This Court does continue to review findings and verdicts to determine whether they are consistent; however, perfect logical consistency is not demanded and only extremely contradictory and irreconcilable verdicts warrant corrective action by this Court.

> *Townsend v. State* (1986), Ind., 498 N.E.2d 1198.

*Hoskins*, 563 N.E.2d at 577.

The verdicts here do not warrant corrective action. The jury could have found that the unprovoked stabbing of Tonya, accompanied by Martin's statement that she was going to die, clearly and unequivocally evinced his intent to kill her. The jury could also logically have found that when Martin stabbed Garrett, his intent was not to kill but to defend himself. The verdicts were neither illogical nor inconsistent.

### ALTERNATE JUROR

In his Brief of Appellant, Martin contends that the alternate juror was permitted to be present in the jury room during deliberations without being properly instructed not to participate in those deliberations. However, Martin concedes in his Reply Brief that the alternate juror was properly instructed. Thus, we need not address this issue.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Martin contends his trial counsel was ineffective because the instructions tendered on the defense of accident were incorrect statements of the law and thus properly refused by the trial court. Therefore, Martin alleges trial counsel's errors denied him the opportunity for the jury to consider the defense of accident.

■ However, on direct appeal, this court determined that while the tendered accident instructions were not correct statements of the law, the remainder of the instructions adequately covered the defense of accident. *Martin v. State* (decided April 21, 1993), Ind.App., No. 49A04–9209–CR–331, 613 N.E.2d 78 (memorandum opinion), *trans. denied.* Reversal for ineffective assistance of counsel is appropriate only in cases where a defendant shows both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Bellmore v. State* (1992), Ind., 602 N.E.2d 111, 123 (citing *Strickland v. Washington* (1984), 466 U.S.

668, 104 S.Ct. 2052, 80 L.Ed.2d 674). Even assuming counsel's performance was deficient, this court's determination that the defense of accident was adequately covered by other instructions precludes a determination that counsel's error so prejudiced Martin as to deprive him of a fair trial.

Denial of post-conviction relief is AFFIRMED.

RUCKER and SULLIVAN, JJ., concur.