William D. LAWRENCE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–9508–PC–265.

Court of Appeals of Indiana.

May 8, 1996.

Transfer Denied July 17, 1996.

Susan K. Carpenter, Public Defender, Linda G. Nicholson, Deputy Public Defender, Office of Public Defender, Indianapolis, for appellant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Office of Attorney General, Indianapolis, for appellee.

## OPINION

GARRARD, Judge.

William Lawrence appeals the denial of post-conviction relief concerning his 1984 convictions for attempted murder and conspiracy to commit murder,[1] principally alleging fundamental error in the trial court's instruction on attempted murder.

### FACTS

Audrey Moore wished to kill her husband, Carl Moore. To accomplish her mission, she asked her son, Bennie Coleman, to assist her. Coleman approached Lawrence about murdering Carl Moore. After two unsuccessful attempts, Coleman and Lawrence arrived at Moore's house while he was sleeping. Lawrence shot Moore several times, emptying his

---

1. The trial court merged the two counts and sentenced Lawrence to thirty years imprisonment. *See* Ind.Code § 35–41–5–3(a) (prohibiting

gun and wounding Moore in the head, legs and arm.[2]

Lawrence's conviction was affirmed on appeal to the Indiana Supreme Court. *Lawrence v. State*, 499 N.E.2d 238 (Ind.1986). His original pro-se petition for post-conviction relief was filed on October 15, 1987. Lawrence's counsel filed an amended petition on December 19, 1994. After an evidentiary hearing, the trial court denied this petition, and the present appeal ensued.

## DISCUSSION

 Moore's argument is that the trial court committed fundamental error when it instructed the jury regarding the elements of attempted murder.

The trial court instructed the jury as follows:

Instruction No. 2

The crime of attempted murder in part is defined as follows:

A person who knowingly kills another human being commits murder, a felony. A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit murder is a Class A felony.

To convict the defendant of the crime of attempted murder, the State must have proved the following elements:

1. The defendant knowingly
2. took a substantial step to accomplish
3. a knowing killing of Carl Moore.

. . . .

Instruction No. 3

The word knowingly means when a person engages in conduct, he is aware of a high probability that he is doing so. If a person is charged with knowingly causing a result by his conduct, he must have known not only what he was doing but also have known or firmly believed that his conduct would cause the result.

Instruction No. 4

Intent and purpose to kill may be inferred from the deliberate use of a deadly weapon in a manner calculated to produce death.

(R. 61–63). The court also included in its instructions to the jury the information charging Lawrence with attempted murder:

William D. Lawrence and Bennie Ray Coleman knowingly attempted to murder Carl Moore by knowingly shooting Carl Moore with a loaded gun which was held in the hands of William D. Lawrence, and which inflicted wounds upon Carl Moore that created a substantial risk of his death . . . .

(R. 59).

In *Smith v. State*, 459 N.E.2d 355 (Ind. 1984), the supreme court reversed a conviction for attempted murder because the trial court failed to instruct the jury that it must find that the defendant had the specific intent to commit murder in order to be found guilty of attempted murder. This holding was reaffirmed in *Spradlin v. State*, 569 N.E.2d 948 (Ind.1991) (Givan, J., dissenting), in which the court explicitly stated:

Henceforth, we hold that an instruction which purports to set forth the elements which must be proven in order to convict of the crime of attempted murder must inform the jury that the State must prove beyond a reasonable doubt that the defendant, with intent to kill the victim, engaged in conduct which was a substantial step toward such killing.

*Id.* at 950.

In *Simmons v. State*, 642 N.E.2d 511 (Ind. 1994) (Givan, J., dissenting) the supreme court held that *Spradlin* could be applied retroactively.

 The instructions in the present case did not meet the specificity concerning intent which the court was to later require in *Spradlin*. Thus, on the basis of *Spradlin* and *Simmons* Lawrence is entitled to raise the question despite the fact that he made no

---

convictions for both a conspiracy and an attempt with respect to the same underlying crime).

2. A more complete synopsis of the facts may be found at *Lawrence v. State*, 499 N.E.2d 238 (Ind. 1986).

objection to the instructions at trial or in his direct appeal. Even so, reversal is not automatic. In order to constitute reversible fundamental error, Lawrence must establish that he was harmed by the error to such an extent that he was denied fundamental due process at his trial. *Jackson v. State*, 575 N.E.2d 617 (Ind.1991); *See also, Arthur v. State*, 663 N.E.2d 529 (Ind.1996)

In *Jackson* the supreme court affirmed a conviction despite an erroneous attempted murder instruction for two reasons: First, the instruction required the jury to find that the defendant was "attempting to kill" the victim, and, second, the critical issue at trial was not the defendant's intent. As we view it, the critical flaw in attempted murder cases which our supreme court recognized and acted to correct is the potential that a defendant might be convicted of attempting to commit a murder because of some overt action taken, even though an intention to kill was not present or the evidence was not sufficient to establish a reasonable inference that a killing was intended.

In the present case the evidence, as recited above, established that Lawrence entered a conspiracy with Audrey Moore and Benny Coleman for the purpose of killing Carl Moore. Ultimately, Lawrence entered the bedroom where Carl Moore was asleep and shot Moore in the head and body until Lawrence's gun was empty. Under the evidence at trial the *only* reasonable inference was that Lawrence intended to kill Carl Moore, and the trial court had instructed the jury that "knowingly" meant "he must have known not only what he was doing but also have known or firmly believed that his conduct would cause the result." Moreover, as in *Jackson* the critical issue at trial was not Lawrence's intent. His defense was that he had abandoned the crime and left the house and that Coleman had done the shooting.

Under the circumstances here present the instructional error was clearly harmless beyond a reasonable doubt and the court committed no error in denying relief.

▆▆▆ Before addressing Lawrence's two other contentions, we briefly address Lawrence's conspiracy to commit murder conviction. A person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony. I.C. § 35-41-5-2. Thus, the requisite elements of a conspiracy are intent to commit the felony, agreement with another person to commit the felony, and an overt act in furtherance of that agreement. *Jorgensen v. State*, 567 N.E.2d 113, 119-20 (Ind.Ct.App. 1991), *aff'd in part, vacated in part*, 574 N.E.2d 915 (Ind.1991). Lawrence was charged with conspiracy to commit murder. With regard to the crime of murder, the court's instruction that a person commits murder by knowingly killing another human being was not erroneous. Thus, while the jury was not properly instructed on the specific intent required for attempted murder, the fact that there was no error with regard to the *mens rea* for murder renders the conspiracy conviction proper.

Lawrence also asserted that the charging information against him was deficient and that he received ineffective assistance of counsel at his trial and on his direct appeal.

▆▆▆ It has long been the law that any challenge to the sufficiency of the information must be made by motion to dismiss prior to the arraignment or it is waived. *Stwalley v. State*, 534 N.E.2d 229, (Ind.1989) (reh. denied). Lawrence failed to challenge the form of the information and it clearly advised him of the charges against him and enabled him to prepare his defense. No error is available concerning the form of the information.

Finally, Lawrence contends he received ineffective assistance of counsel because counsel did not challenge the information or object to the attempted murder instruction. His arguments fail to satisfy the second prong of the standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) since neither establishes any reasonable probability that, absent the errors, the fact finder would have had any reasonable doubt respecting guilt.

Affirmed.

HOFFMAN, J., concurs.

RUCKER, J., dissents with separate opinion.

RUCKER, Judge, dissenting.

I respectfully dissent. In cases since *Spradlin v. State*, 569 N.E.2d 948 (Ind.1991) our supreme court has consistently reaffirmed the rule that a jury instruction on attempted murder shall inform the jury that "the act must have been done with the specific intent to kill." *Simmons v. State*, 642 N.E.2d 511, 513 (Ind.1994). *See also Beasley v. State*, 643 N.E.2d 346, 348 (Ind.1994) (attempted murder instruction *must* include the required mens rea of specific intent); *Greer v. State*, 643 N.E.2d 324, 326 (Ind.1994) (specific intent requirement vital in attempted murder instruction). As the court made clear in *Taylor v. State*, 616 N.E.2d 748 (Ind.1993) "[i]n an attempted murder case, it is reversible error not to instruct the jury that the defendant must have intended to murder the victim at the time the defendant committed the act alleged to have been a substantial step toward the commission of the crime of murder." *Id.*

I agree with the majority that the instructions in this case must be viewed through the lenses of fundamental error. This is so because Lawrence neither objected at trial to the erroneous instructions nor did he tender his own correct instructions. However, fundamental error may be avoided in the giving of an attempted murder instruction where the charging information or other instructions inform the jury that in order to convict, it must find that the defendant was "attempting to kill" the victim at the time of the attack. *Jackson v. State*, 575 N.E.2d 617, 621 (Ind.1991). It is true that in *Jackson* as here the critical issue at trial was not the defendant's intent. However our supreme court determined there was no fundamental error in that case because of the "attempting to kill" language. Indeed various decisions of this court have followed the *Jackson* rule and also refused to reverse a conviction based on fundamental error where the instructions contained similar language. *See e.g. Lingler v. State*, 640 N.E.2d 392 (Ind.Ct.App.1994); *Wilson v. State*, 611 N.E.2d 160 (Ind.Ct.App.1993) *trans. denied; Holland v. State*, 609 N.E.2d 429 (Ind.Ct.App.1993). In the case before us neither the instructions taken as a whole, nor the charging informa-

tion informs the jury that in order to convict Lawrence of attempted murder the jury must find he had the specific intent to kill the victim. Under what appears to be settled authority the instructions are fundamentally erroneous thus requiring reversal of the attempted murder conviction. Lawrence's petition for post-conviction relief should be granted and this cause remanded for a new trial on attempted murder.