Seab HOWARD, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 45A05–9604–PC–132.

Court of Appeals of Indiana.

Oct. 23, 1996.

Susan K. Carpenter, Public Defender, William D. Polansky, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

---

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

SHARPNACK, Chief Judge.

Seab Howard appeals the denial of his petition for post-conviction relief. The sole issue for our review is whether the trial court erred when instructing the jury on the elements of attempted murder. We reverse and remand.

### FACTS

The facts most favorable to the judgment follow.[1] On January 30, 1989, Gina Howard was walking with her children when she was confronted by her estranged husband, Howard. Gina told Howard that she had obtained a restraining order against him and that he would have to leave her alone. Howard responded that he was armed with a handgun. However, Howard walked away without incident, and Gina proceeded to walk home with her children. Soon after, Howard returned and threw Gina to the ground. Howard then repeatedly stabbed her for approximately fifteen minutes. Gina suffered stab wounds to her hand, arm, knee, eye, abdomen, and back. After the attack, Howard fled, leaving Gina on the ground.

On February 1, 1989, the State charged Howard with attempted murder, a class A felony. On May 15, 1989, the trial court conducted a jury trial after which Howard was found guilty as charged. Thereafter, Howard appealed, alleging that the evidence was insufficient to support his conviction. On June 28, 1990, we affirmed the conviction in a memorandum decision. *Howard v. State,* 557 N.E.2d 11 (Ind.Ct.App.1990).

On March 22, 1991, Howard filed a *pro se* petition for post-conviction relief. After repeated amendments, Howard refiled the petition on December 29, 1994. In this petition, Howard claimed that the trial court improperly instructed the jury on the elements of attempted murder. On March 22, 1995, the post-conviction court held a hearing and later denied the petition. Howard now appeals the denial of his petition for post-conviction relief.

### STANDARD OF REVIEW

To prevail on a petition for post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1 § 5; *Barker v. State,* 622 N.E.2d 1336, 1337 (Ind. Ct.App.1993), *reh'g denied, trans. denied.* On appeal from the denial of a petition, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that of the trial court. *Spranger v. State,* 650 N.E.2d 1117, 1119 (Ind.1995), *reh'g denied.*

### DISCUSSION

■ The sole issue raised for our review is whether the trial court properly instructed the jury on the elements of attempted murder. At the close of Howard's trial, the trial court gave the following instruction:

"The crime of attempted murder in part is defined as follows:

A person who knowingly or intentionally kills another human being commits murder, a felony. A person attempts to commit a crime when, acting with the culpability required for the commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit murder is a Class A felony.

To convict the defendant of the crime of attempted murder, the State must have proved the following elements:

1. The defendant knowingly or intentionally

2. took a substantial step to accomplish

3. a knowing or intentional killing of Gina Howard.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt, you

---

1. In the appellant's brief, counsel failed to provide an adequate statement of the facts. For future appeals, we urge counsel to read and comply with Ind.Appellate Rule 8.3(A)(5).

should find the defendant guilty of attempted murder, a Class A felony."

Trial Record, p. 28.[2]

Howard argues that this instruction fails to inform the jury that a finding of specific intent to kill was necessary to convict him of attempted murder. Although the validity of various attempted murder instructions has received diverse treatment by reviewing courts, our supreme court has established a central rule of law. This rule requires an instruction to state that to convict a defendant of attempted murder, the jury must find that the defendant intended to kill the victim while taking a substantial step toward such a killing. *See, e.g., Spradlin v. State,* 569 N.E.2d. 948, 950 (Ind.1991). Therefore, an instruction which purports to set forth the elements required for the jury to convict a defendant of attempted murder must include "an explanation that the act must have been done with the specific intent to kill." *Smith v. State,* 459 N.E.2d 355, 358 (Ind.1984); *see Beasley v. State,* 643 N.E.2d 346, 348 (Ind.1994).

At the outset, we note that Howard raised no objection to the preparation of the jury instructions or to the giving of the instructions at trial. Typically, the failure to object to an instruction in a timely fashion results in a waiver of the issue for review. *England v. State,* 530 N.E.2d 100, 102 (Ind. 1988); *see* Ind. Trial Rule 51(C).

However, Howard seeks to avoid waiver of this issue by claiming that the instruction constituted fundamental error. Where a reviewing court finds an error to be fundamental, such error need not be preserved by a contemporaneous objection. *David v. State,* 669 N.E.2d 390, 392 (Ind. 1996). In *Townsend v. State,* our supreme court stated:

"To qualify as 'fundamental error,' the error must be a substantial blatant violation of basic principles rendering the trial unfair to the defendant.... The element of harm is not shown by the fact that a defendant was ultimately convicted; rath-

er, it depends upon whether his right to a fair trial was detrimentally affected by the denial of procedural opportunities for the ascertainment of truth to which he otherwise would have been entitled."

*Townsend v. State,* 632 N.E.2d 727, 730 (Ind. 1994) (citations omitted). As such, the requisite analysis for fundamental error considers the element of harm and whether the resulting harm was substantial. *David,* 669 N.E.2d at 392.

In support of his argument that the instruction was fundamentally erroneous, Howard relies primarily upon *Simmons v. State,* 642 N.E.2d 511 (Ind.1994). In *Simmons,* the trial court gave the jury an instruction for attempted murder which is identical to the instruction in the present case. The jury found Simmons guilty of attempted murder, and the conviction was affirmed on direct appeal. *See Simmons v. State,* 506 N.E.2d 25 (Ind.1987). Thereafter, Simmons filed a petition for post-conviction relief, alleging that the trial court committed fundamental error by giving the attempted murder instruction. The postconviction court denied this petition, and the denial was affirmed by this court in a memorandum decision. *See Simmons v. State,* 634 N.E.2d 878 (Ind.Ct. App.1994), *vacated,* 642 N.E.2d 511.

However, the supreme court vacated our decision and granted Simmons' petition for post-conviction relief. *Simmons,* 642 N.E.2d at 513–514. The supreme court held that this attempted murder instruction was fundamentally erroneous. *Id.* The court stated, "In Indiana it is fundamental error to convict an accused of Attempted Murder based on an instruction that 'fails to inform the jury that the substantial step towards the crime of murder must have been accompanied by the state of mind which is required for the crime of murder.'" *Id.* at 512 (quoting *Abdul–Wadood v. State,* 521 N.E.2d 1299, 1300 (Ind. 1988), *reh'g denied*). The court concluded:

"The instruction challenged by Simmons did not inform the jury that 'the act must have been done with the specific intent to kill.' The State points to no other instruc-

---

**2.** On appeal, Howard has submitted two separate records. The first record relates to his trial, which we designate as the "trial record." The second record relates to his post-conviction hearing, which we designate as the "post-conviction record."

tion which informed the jury of the required element of specific intent to kill, and we find none. We conclude that Simmons's conviction was in violation of the applicable law of this state and that his petition for postconviction relief should be granted."

*Id.* at 513 (citations omitted).

Turning to the present case, the attempted murder instruction given at Howard's trial would likewise be fundamentally erroneous under the authority of *Simmons.* However, the State does not address *Simmons* directly in its brief, but merely refers to the opinion in a string citation. Instead, the State relies primarily upon a recent opinion, *Lawrence v. State,* for the proposition that any error caused by the attempted murder instruction was harmless. *Lawrence v. State,* 665 N.E.2d 589 (Ind.Ct.App.1996), *trans. denied.* In *Lawrence,* the trial court gave the same attempted murder instruction as in *Simmons* and in the present case. The jury found Lawrence guilty of attempted murder, and the conviction was affirmed on direct appeal. *See Lawrence v. State,* 499 N.E.2d 238 (Ind. 1986). Lawrence later filed a petition for post-conviction relief, alleging that the trial court committed fundamental error by improperly instructing the jury on the requisite element of specific intent to kill. The post-conviction court denied the petition, and an appeal to this court ensued.

In our opinion, we found that based upon *Simmons,* Lawrence was entitled to raise the issue of whether the attempted murder instruction was fundamentally erroneous. *Lawrence,* 665 N.E.2d at 591–592. However, we concluded that under the particular circumstances of that case, the instructional error regarding the specific intent to kill was clearly harmless. *Id.* at 592. At trial, the State had shown that Lawrence entered into a conspiracy with two accomplices to kill the victim. Ultimately, Lawrence entered the victim's house and shot the victim. Lawrence's defense during the trial was that he abandoned the crime and that an accomplice had shot the victim.

Pursuant to these circumstances, we found that Lawrence's intent was not the critical issue at trial. *Id.* Based on the evidence presented at trial, the only reasonable inference was that Lawrence intended to kill the victim. *Id.* We concluded that Lawrence could not establish that he was harmed by the instructional error to the extent that he was denied fundamental due process. *Id.* Accordingly, we held that any instructional error regarding the intent to kill was clearly harmless. *Id.*

■ However, in the present case, Howard's intent when he stabbed the victim was the central issue at trial. Howard testified on his own behalf that although he stabbed the victim, he did not intend to kill her. Specifically, Howard stated, "I didn't mean to kill her. I didn't try to kill her" and "I hurt my wife. I didn't try to hurt her." Record, p. 122. Therefore, because the intent to kill was the principal issue at trial, an instruction which misinformed the jury on the intent to kill element could not be harmless error. *See Parks v. State,* 646 N.E.2d 985, 988 (Ind.Ct.App.1995) (holding that because the defendant's intent was the central issue at trial, the attempted murder instruction was fundamentally erroneous because it failed to state that to convict the defendant, the jury must find that he had the specific intent to kill the victim), *trans. denied.* Accordingly, under these circumstances, we find *Lawrence* to be inapplicable to the present case.

Under the authority of *Simmons,* the attempted murder instruction given at Howard's trial was fundamentally erroneous, and therefore, Howard was entitled to post-conviction relief. However, the post-conviction court found otherwise and denied Howard's petition. In its judgment, the court determined:

"We are respectfully mindful of the supreme court cases in which it is stated that an instruction is erroneous if it informs a jury that it can convict a defendant of attempted murder if the defendant *knowingly* acts against a victim; but these cases are very recent and constitute what may be an unintentional deviation from the classic caselaw regarding specific intent.

\* \* \* \* \* \*

We have carefully examined each of the instructions addressed by the supreme

# 948

court over the years, and would respectfully submit that this instruction was not capable of being misunderstood by the petitioner's jury in a prohibited way. Each of the instructions which have been *held* invalid (with the exception of ... [*Simmons* ]) are worded differently in subtle but significant ways.

We find that the jury was not misled by the instruction in this case."

Post-conviction record, pp. 147–148 (original emphasis) (footnotes omitted).

In Indiana, we follow the doctrine of *stare decisis*. In *Marsillett v. State*, the supreme court held, "Under the doctrine of *stare decisis*, this Court adheres to a principle of law which has been firmly established. Important policy considerations militate in favor of continuity and predictability in the law." *Marsillett v. State*, 495 N.E.2d 699, 704 (Ind. 1986). Moreover, we are obligated to follow the holdings of our supreme court "whether or not the rationale or the constitutional implications of a decision are explained to the satisfaction of the litigants." *Indiana High Sch. Athletic Ass'n v. Avant*, 650 N.E.2d 1164, 1169 (Ind.Ct.App.1995), *trans. denied*. Accordingly, we must follow the appropriate precedent in rendering our opinions, even if such authority is "very recent" or a "deviation from classic caselaw." Post-conviction record, p. 147.

In light of *Simmons*, fundamental error occurred in Howard's trial, and therefore, the judgment of the post-conviction court must be reversed. *See Parks*, 646 N.E.2d at 988. For the foregoing reasons, we reverse the judgment of the post-conviction court, grant Howard's petition for post-conviction relief, and remand for a new trial.

REVERSED AND REMANDED.

DARDEN, J., concurs.

RUCKER, J., concurs in result with separate opinion.

RUCKER, Judge, concurring in result.

I concur in the result reached by the majority. However, I write separately because I disagree with the majority's treatment of *Lawrence v. State*, 665 N.E.2d 589 (Ind.Ct.

App.1996), *trans. denied.* By merely distinguishing *Lawrence* from the facts of this case the majority implicitly agrees with its validity. I do not. *See Id.* (Rucker, J. dissenting). Rather than distinguish the case, I would decline to follow it.