

**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JACOB R. TAULMAN**
Kentland, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN E. WALL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 56A03-1211-CR-508 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE NEWTON SUPERIOR COURT
The Honorable Daniel J. Molter, Judge
Cause No. 56D01-1101-FC-2

**September 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

John E. Wall ("Wall") appeals his conviction of nonsupport of a dependent[1] as a Class C felony. On appeal, Wall raises the following consolidated and restated issue: whether the trial court erred in allowing the State to prosecute him for Class C felony nonsupport of a dependent where the criminal information failed to allege a support delinquency for one or more children of at least $15,000.00.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Three children were born to the marriage of Wall and Dianna Lynn Wall ("Dianna"), M.M.W., K.J.W., and J.E.W. ("the children"). On July 15, 1999, under Cause No. 56C01-9904-DR-24, the Newton Circuit Court dissolved the couple's marriage. In the final decree, Dianna was granted sole custody of the children, and Wall was ordered to pay child support for the three children in the aggregate amount of $232.36 per week.[2]

On January 24, 2011, the State charged Wall with three counts of non-support of a dependent child. Indiana Code section 35-46-1-5(a) provides: "A person who knowingly or intentionally fails to provide support to the person's dependent child commits nonsupport of a child, a Class D felony. However, the offense is a Class C felony if the total amount of unpaid support that is due and owing for one (1) or more children is at least fifteen thousand dollars ($15,000[.00])."

---

[1] *See* Ind. Code § 35-46-1-5.

[2] At the time of the dissolution, Wall was also ordered to pay an additional $67.64 per week until such time as his accumulated support arrearage of $1,341.00 was paid in full. *State's Ex.* 1.

In the heading of each count, the State included language stating that Wall was being charged with "Non-Support of a Dependent Child, a Class C felony"; however, the language in the body of each count alleged only that "on or about the time period including April, 2006 through June, 2007, [Wall] did knowingly or intentionally fail to provide support to his dependent child in violation of terms ordered under Cause No. 56C01-9904-DR-24 in violation of Indiana Code 35-46-1-5 . . . ." *Appellant's App.* at 13, 14, 15. Together with the information, the State filed an affidavit for probable cause, signed by Jill M. Cahill, which provided:

1.  I am a IV-D caseworker in the Child Support Division of the Newton County Prosecutor's Office.
2.  That [Wall] is the father of the following children: [M.M.W.] (11/27/1987), [K.J.W.] (3/15/1990), and [J.E.W.] (7/25/1991).
3.  Based upon child support records . . . [Wall] . . . was ordered to pay child support under Cause No. 56C01-9904-DR-24.
4.  [Wall] has knowingly failed to pay child support as required by Court Order.
5.  [Wall] is currently in arrearage on said child support in the amount of $130,502.28 as of December 31, 2010.

*Appellee's App.* at 1.

Prior to trial, Wall filed a motion in limine[3] to exclude the introduction of evidence pertaining to his nonsupport arrearage that accrued outside the time period set forth in the charging information, *i.e.*, April 2006 through June 2007. The trial court addressed this motion at the commencement of trial, and also considered Wall's argument that the charging information was deficient because "it fails to allege that there were arrears due and owing at the time of the offense." *Tr.* at 5. Wall did not move to dismiss the

---

[3] The motion in limine is not in the record before us.

"deficient" information; in fact, defense counsel made the following comments:

> I would like to state the Defense *is not moving for a motion to dismiss*. The Defense is saying, you know, as the Court stated: [the State's] limited from the time periods alleged. And the State is stating correctly—if the charges were put forth correctly and stated that at the time that this offense was alleged arrears were due and owing, yes, you could get into that evidence. But the problem here is that was not alleged in the charging information. And therefore, when the Defendant was read the charging information and was told this is what you have been charged with, he was not informed that that was a part of the offense. And now they are trying to bring in basically uncharged acts into evidence and this is a distinctly different situation and I believe it's strictly prohibited because it simply wasn't charged.

*Tr.* at 7 (emphasis added).

Following argument, the trial court determined that the State could introduce evidence that "the children were owed fifteen thousand dollars or more within [the alleged] time period" and denied Wall's motion in limine. *Id.* at 8. Noting that the admission of evidence of arrears "effectively amend[ed] [the State's] charging information," Wall requested a continuance. When the trial court asked the grounds for Wall's continuance, Wall did not contend that he needed time to prepare his defense, but instead, responded, "To preserve the record, your Honor." *Id.* at 9.

On the morning of trial, the trial court granted the State's motion to dismiss two of the three counts. During trial, Jenna Ownby, the "IV-D Administrator" for the Newton County Prosecuting Attorney's Office, testified that, as of the end of June 2007, Wall owed child support in the amount $47,927.00. *Id.* at 30. Finding that Wall did knowingly or intentionally fail to provide support to his dependent children and had unpaid support of at least $15,000.00, the jury found Wall guilty of nonsupport of a dependent child as a Class C felony. The trial court sentenced Wall to six years executed

4

in the Department of Correction. Wall now appeals. Additional facts will be added where necessary.

## DISCUSSION AND DECISION

Wall contends that his Class C felony conviction should be overturned because the charging information did not sufficiently inform him of the elements of the Class C felony, and therefore, he could not prepare a proper defense regarding his nonsupport arrearage.

We first address the State's contention that Wall has waived for appellate review the issue regarding the sufficiency of the charging information. We agree with the State. The information in this case alleged that "on or about the time period including April, 2006 through June, 2007, [Wall] did knowingly or intentionally fail to provide support to his dependent child in violation of terms ordered under Cause No. 56C01-9904-DR-24 in violation of Indiana Code 35-46-1-5 . . . ." *Appellant's App.* at 13, 14, 15. The information cited to Indiana Code section 35-46-1-5, the nonsupport statute. Wall contends that he was unaware that he was being charged with a Class C felony; however, the charging information itself specifically stated that Wall was being charged with a Class C felony. "It has long been the law that any challenge to the sufficiency of the information must be made by motion to dismiss prior to the arraignment or it is waived." *Lawrence v. State*, 665 N.E.2d 589, 592 (Ind. Ct. App. 1996); *see Neff v. State*, 915 N.E.2d 1026, 1031 (Ind. Ct. App. 2009) ("Generally, a failure to challenge a defective charging information by way of a motion to dismiss prior to trial waives that issue for appellate review."), *trans. denied*. Here, Wall noted from the face of the information that

5

there was a discrepancy in the charging information; however, he specifically stated that he was not filing a motion to dismiss the charging information.

Wall failed to challenge the form of the information. Instead, he sought to keep the information as is, and moved to keep out the evidence that he owed at least $15,000.00 in child support, evidence that was necessary to prove the Class C felony. Under the facts before us, we find that Wall's failure to move to dismiss the information has waived any argument regarding the sufficiency of the information.

Waiver notwithstanding, we find that Wall was sufficiently apprised that the crime against which he would have to defend was Class C felony nonsupport of a dependent. Our court recently recognized that, "Since the charging information and probable-cause affidavit are filed together, they should be viewed in tandem to determine if they satisfy the goal of putting the defendant on notice of the crimes with which [he] is charged during the applicable statute of limitations period so that [he] can prepare an appropriate defense." *Woods v. State*, 980 N.E.2d 439, 443 (Ind. Ct. App. 2012).

Here, the face of the criminal information specifically stated that Wall was being charged with Class C felony nonsupport. The information alleged that "on or about the time period including April, 2006 through June, 2007, [Wall] did knowingly or intentionally fail to provide support to his dependent child in violation of terms ordered under Cause No. 56C01-9904-DR-24 in violation of Indiana Code 35-46-1-5." *Appellant's App*. at 13, 14, 15. Indiana Code section 35-46-1-5(a) provides that nonsupport of a dependent is "a Class C felony if the total amount of unpaid support that is due and owing for one (1) or more children is at least fifteen thousand dollars

6

($15,000[.00]).ʺ   The probable cause affidavit, which was filed together with the information, provided that arrearage on Wall's child support was "$130,502.28 as of December 31, 2010." *Appellee's App.* at 1.  We recognize that the figure of $130,502.28 was as of December 31, 2010; however, we find that dollar amount was sufficient to alert Wall that the State was charging him with Class C felony child support during the time period from April 2006 through and including June 2007.  There are approximately 183 weeks in the time period from June 2007 through December 2010, and Wall's child support was $232.36 per week.  Even if Wall had failed to pay any child support payments during those 183 weeks, his arrearage could not have increased by more than $115,000.00 (183 x $232.36=$42,521.88).  Wall had to know that during the time period from April 2006 through June 2007, he owed more than $15,000.00 in unpaid child support.

Wall was charged with Class C felony nonsupport of a dependent on January 24, 2011.  He was not tried until more than a year and a half later.  Accordingly, we find that Wall was apprised that the charge against him was Class C felony nonsupport and had sufficient time to prepare a defense.

Affirmed.

VAIDIK, J, and PYLE, J., concur.